### VORMELKER v. OLEKSINSKI

1. Trial—Separate Trials—Discretion.

   The granting of a separate trial of a third-party action apart from the principal action rests in the sound discretion of the trial judge (GCR 1963, 505.2).

2. Trial—Separate Trials—Discretion.

   Granting of separate trials of third-party actions by defendant land-contract vendors against realtors and an insurance company was not an abuse of discretion, where the relief granted in the principal action by land-contract vendees for rescission and money damages did not affect whatever cause of action the vendor had against the third-party defendants (GCR 1963, 505.2).

3. Appeal and Error—Findings of Fact.

   The Court of Appeals may not substitute its judgment for that of the trial judge who determined that defendant land-contract vendors had misrepresented a house that they sold to plaintiff vendee and therefore allowed rescission to the vendees, where the evidence as to whether the defects were fully disclosed to the vendees was conflicting .

Appeal from St. Clair, Halford I. Street, J.  Submitted Division 2 February 2, 1971, at Lansing. (Docket No. 8556.)   Decided April 21, 1971.   Leave to appeal denied, 385 Mich 771.

Complaint by Howard Vormelker and Hazel Vormelker against Vernon Z. Oleksinski and Helen Oleksinski for rescission of a land contract; counterclaim

References for Points in Headnotes

[1, 2] 39 Am Jur, Parties § 90.
  53 Am Jur, Trial §§ 53–65.
[3] 5 Am Jur 2d, Appeal and Error § 839 et seq.

for breach of contract. Judgment for plaintiffs. Defendants appeal. Affirmed.

*McIntosh, Oppliger, Mugan & Huegli,* for plaintiffs.

*Riseman, Lemke & Piotrowski,* for defendants.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. This is an appeal of right after the denial of a timely motion for a new trial.

The original action in the circuit court was brought by the purchasers of a home against the people from whom they bought it. The complaint was for rescission of the land contract of purchase on the grounds of fraudulent misrepresentations alleged to have been made, and material facts concealed which the sellers were obligated to disclose, and for money damages for permanent improvements made to the property while it was in the possession of the purchasers. At this point the issues in the case were narrow and precise. Were plaintiffs entitled to rescind their contract of purchase or weren't they? Were they entitled to money damages or not? However, the defendants filed a counterclaim alleging breach of the contract of purchase by the purchasers, and also moved to add three third-party defendants, namely, the two realtors who represented the sellers in the transaction and an insurance company which had issued a homeowners policy to the purchasers. The motions were granted and the parties duly added. There followed then a series of motions and other pleadings and counter-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

pleadings filling two folders of docket entries and copies of the pleadings. Nine separate volumes of transcript report the proceedings including the testimony, argument, and court and counsel colloquies. Trial was to the court without a jury.

We recite all of these procedural antecedents so that the trial court's subsequent rulings, after the case had been in progress and some testimony was taken, can be better understood as of the time they were made. We now furnish the necessary factual background.

In 1957 the defendant Oleksinskis engaged one Russell Secor, a contractor with extensive experience in home building in the St. Clair-Marysville area near the site of the premises here involved. Mr. Secor did not draw the plans. They were furnished him by defendants who obtained them from another source.

Mr. Secor, on the basis of his prior experience, advised the defendants that there was "a series of unstable strata of soils extending to 120 feet below the surface" on the proposed site of the home. He described the effect of this condition as causing "large masses of land [to] tend to move at infrequent intervals".

The defendants apparently decided to build on the site they had chosen, irrespective of Mr. Secor's warning, and the home was completed in 1957 at a cost of some $27,000. Shortly thereafter, the testimony disclosed, the property was listed for sale and remained so listed until it was sold to plaintiffs in 1966.

Plaintiffs took possession of the property and moved in. Shortly thereafter, evidence of latent defects appeared. They were of a very serious nature. Ultimately the premises, according to the plaintiffs' claim, became uninhabitable. As the defects became

apparent, plaintiffs learned that what defendants had characterized as some "minor" or "temporary" repairs having been made, were in reality basic major repairs necessitated by the shifting of the land base under the home.

The trial judge found adequate grounds for rescission and the money judgment asked by plaintiffs. He granted separate trials as to the two impleaded realtors, and to the insurance carrier.

Defendant-appellants enumerate eight assignments of error. We have reviewed them in depth and in detail. As stated, some of them include the judicial conclusions sought in the premise of the question. We will attempt to collate them into what appears to us to be the basic legal issues.

First, defendants argue that if they are liable to plaintiffs as principals, defendants' agents, the realtors, are likewise liable, and that by granting separate trials to the agents defendants lost any possibility of joint judgment against them and their agents, and consequently their right of contribution from them.

We think the position is unsound. First, the question as to whether or not separate trials shall be granted rests in the sound discretion of the trial judge. It is wisely so vested by rule (GCR 1963, 505.2). It is necessary to counteract the liberalized joinder practice. We can find no abuse of that discretion in this instance. Nor can we see how defendants are ultimately harmed. If defendants have a viable cause of action as principals against their agents, it can be litigated in a separate action. The grant of rescission to plaintiffs here in nowise affects that cause of action, if any. What we say of the separate trial granted to the agent-realtors is equally true of the grant of the separate trial to the defendant-insurer. We find no reversible error.

Appellants next allege that the record is clear that the plaintiffs were advised through *their* real estate agent of the damage to the property. Since it was his duty to impart this knowledge to the plaintiffs, there should be no basis for an action against the defendants. In addition, the plaintiffs inspected the property themselves and were satisfied that all damage had been repaired. Since the seller is not liable for latent defects, it is argued that there should have been no cause of action against defendants. These are all, in essence, fact questions. The trial judge, as finder of fact, determined that the defendants had misrepresented the house and therefore allowed rescission of the contract. The evidence as to whether the defects were fully disclosed is conflicting. This Court may not substitute its judgment for that of the trial judge under these circumstances.

Appellants' counsel in vigorous advocacy on oral argument spoke to additional legal errors he claims occurred and which were properly saved for appeal. Saved they were, and the legal questions raised would all constitute a basis for reversal as stated as legal theorems. Among them are the necessity for tender on the part of one claiming the right to rescission; the claim that rescission was not the proper remedy in this case and that plaintiffs were limited to an action at law; the impropriety of the assessment of damages because plaintiffs were required to assert a cause of action therefor against the insurance carrier issuing the policy on the house and because of the insufficiency of proof of the damages allowed. We do not find reversible error in any of them. First, as to certain of the claimed legal errors, the trial judge found contrary to appellants' position on the fact issues necessary to support the claimed legal error. His findings were supported

by credible evidence and though we might not find as he did, we may not substitute our judgment for his.

As to the balance of the claimed error, the questions again were issues of fact decided adversely to defendants. In simple substance, on the ultimate issue of fact necessary to support rescission, the trier of facts held against the sellers and for the purchasers.

This was the visceral issue. We find no reversible error. The order denying the motion for a new trial is affirmed. Costs to the plaintiffs.

All concurred.