### ADKINS v HOME GLASS COMPANY

1. NEGLIGENCE—IMPLIED WARRANTY—EVIDENCE—LACK OF DIRECT EV-
   IDENCE—INDIRECT EVIDENCE—INSTALLATION OF GLASS—PREJU-
   DICE.

   There was no prejudice to a defendant in a trial for damages for
   injuries suffered when glass in a door shattered where there
   was no direct evidence that the glass in the door was the same
   as that which defendant installed and there were no fragments
   or pieces of glass that could be identified at trial, but there was
   testimony at trial by the two people most likely to know that
   there was no replacement of the glass; one could hardly expect
   a cut boy to gather up the pieces or the school janitor to put
   them away for safekeeping for use in possible future litigation.

2. EVIDENCE—WITNESSES—FACT FINDER—ACCEPTANCE OF TESTIMONY.

   The fact finder may accept in part and reject in part the testi-
   mony of any witness.

3. TRIAL—SEPARATE TRIALS—COURTS—COURT RULES—DISCRETION.

   A court in furtherance of convenience or to avoid prejudice may
   order a separate trial of any claim, cross-claim, counterclaim,
   or third-party claim, or of any separate issue or of any number
   of claims, cross-claims, counterclaims, third-party claims, or
   issues; the question of whether separate trials shall be granted
   rests in the sound discretion of the trial judge (GCR 1963,
   505.2).

Appeal from Wayne, Richard D. Dunn, J. Sub-
mitted Division 1 February 12, 1975, at Detroit.
(Docket No. 18238.) Decided April 7, 1975.

Complaint by Homer Adkins, individually and
as next friend of Burl Adkins, a minor, against

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1120.
[2] 30 Am Jur 2d, Evidence §§ 1080–1086.
[3] 75 Am Jur 2d, Trial § 22.

Pyramid Construction Company, Westwood Carpentry, and Home Glass Company, for damages resulting when the glass in a door shattered. Cross-claim by Pyramid Construction Company against Westwood Carpentry and Home Glass Company for indemnification. Third-party complaint by Home Glass Company against Cadillac Glass Company for indemnification. Separate trial ordered for third-party claim. Judgment for plaintiff. Defendant Home Glass Company appeals. Affirmed.

*Moore, Barr & Kerwin,* for plaintiffs.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.,* for defendant Home Glass Company.

*Alexander, Buchanan & Seavitt* (by *Thomas D. Beeby),* for third-party defendant Cadillac Glass Company.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR., and O'HARA,* JJ.

O'HARA, J. This lawsuit was started on behalf of a young athlete of less than the age of legal majority by his father as his next friend. The defendants originally were Pyramid Construction Company, the general contractor which constructed the addition to the involved high school; Westwood Carpentry, the subcontractor which hung the door through which the plaintiff[1] was attempting to reenter the locker room after a basketball game; and Home Glass Company, the subcontractor engaged by Pyramid to set the glass

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] We will use the term "plaintiff" instead of adding each time "by his next friend".

in the doors of the addition. Pyramid cross-claimed against Westwood and Home Glass.

The complaint filed contained two counts: negligence and breach of implied warranty. Home Glass then filed a third-party complaint against Cadillac Glass Company which supplied the glass installed by Home Glass. In response to bench questioning on oral presentation it was stated Pyramid preselected Cadillac to supply the glass according to Pyramid's specifications.

In due course the case came on for trial by jury. A verdict of $20,000 for plaintiff resulted. Appeal is of right from an order denying a new trial or, alternatively, judgment notwithstanding the verdict.

Logical recitation would demand at this time that we say against whom.

In consequence of a series of motions and a stipulation and some language used by the trial judge in response to an inquiry sent to him by the jury during its deliberations it is more than somewhat difficult to say with legal precision just exactly against whom the jury actually intended to render the verdict. However, since courts speak through their orders, and the motion appealed from was by Home Glass alone we are compelled to conclude for the purpose of this appeal that Home Glass is the only defendant-appellant.

The exodus of the other parties is, to say the least, somewhat confusing. As best we can make out it happened this way:

1) Westwood was stipulated out by all the other parties "without prejudice", whatever that means in this context.

2) Cadillac was granted severance after several days of trial over the anguished protestations of prejudice by Home Glass.

3) The trial judge granted a motion to dismiss as to Pyramid on the negligence count.

4) The implied warranty count against Pyramid seems to have remained in a state of suspended animation.

At least the jury seemed to wonder also, as evidenced by its question heretofore referred to, as to how many defendants were left in the lawsuit. As noted, the question was sent to the trial judge during the deliberations of the jury.

Instead of answering the question by entry of a formal signed order one way or the other at that time, the trial judge chose to answer it as follows:

"[F]or all intents and purposes, Pyramid Construction Company [the general contractor] is no longer a defendant, as I granted their counterclaim or directed verdict; if there's any liability on their part, that would have to be paid for by the other defendant [Home Glass], if there was any, so you do not even consider them as a defendant anymore."

This ruling, instruction, response, or whatever it was, was founded on paragraph IX of the subcontract between Pyramid and Home Glass, which is what is usually referred to as a "hold harmless" or indemnity provision.

In any event, as the song goes, "after all was said and done, there was really only one"[2], since the following order of judgment was entered:

"This matter having come on for trial before the court and a jury and the jury sworn to try this matter having returned a verdict in favor of the plaintiff against the defendant Home Glass Company, *only*, in

[2] *"Margie"*, lyrics by Benny Davis; misic by Con Conrad and J. R. Robinson; circa 1920.

the amount of Twenty Thousand Dollars ($20,000.00) damages;

"IT IS ORDERED that plaintiff recover of the defendant Home Glass Company, *only,* the sum of Twenty Thousand Dollars ($20,000.00) damages, with interest and costs to be taxed." (Emphasis added.)

This was the only final judgment entered and the appeal from the motion to set it aside notwithstanding the verdict or for a new trial is all that is before us.

Now, as to the case on the merits. The young lad was totally blameless. He simply put his hand on the pane of glass in the door and pushed it open. There is not the slightest suggestion of undue force anywhere in the record. He was injured in consequence of its breaking.

Home Glass complains that it doesn't even appear of record that the glass in the door was the same as that which it installed, and that there were no fragments or pieces that could be identified. Both assertions are true. There was, however, negative testimony by the two people most likely to know that there was no replacement of the glass.

One could hardly expect the cut boy to gather up the pieces, or the janitor to put them away for safekeeping for use in possible future litigation. In *Schedlbauer v Chris-Craft Corp,* 381 Mich 217; 160 NW2d 889 (1968), the claimed defectively-designed fuel pump was not introduced into evidence, yet the Supreme Court reinstated plaintiffs' judgment.[3]

The only possible testimony as to a defect came from a representative of Home Glass (called ad-

---

[3] Specifically, the Court held there was a jury-submissible issue as to defendant's breach of its duty to warn about possible dangers unless the diaphragm of the fuel pump was inspected periodically as designed.

versely under the statute)[4] that his company installed the glass with all the skill, precautions and expertise one would have expected from a medieval artisan who had a commission to set the pieces of the famed stained glass window of the Cathedral of Notre Dame in Paris.

He did, however, also testify that glass can be installed in a manner that would result in uneven tension tending to cause chipping or cracking and susceptible to breaking on normal use and contact. He also testified that the glass furnished his company by Cadillac was defective. When pressed for his reason (he had been qualified as an expert and thus was entitled to give opinion evidence) he stated quite simply that if it hadn't been defective, it wouldn't have broken. This approach followed very closely the rationale of *post hoc ergo propter hoc.* Be that as it may, the Supreme Court affirmed a recovery on no less testimony in *Bronson v J. L. Hudson Co,* 376 Mich 98; 135 NW2d 388 (1965).

The only reason we can perceive for a verdict against Home Glass is that the jury chose to believe that part of the witness's testimony that it is possible to install glass negligently or in breach of an implied warranty of fitness of the installation for the purpose for which it was installed and chose to disbelieve that part of his testimony that his company had met those conditions and requirements of installation.

It is fundamental that the fact finder may accept in part and reject in part the testimony of any witness. We are obligated by precedent, as we understand it, to affirm the jury verdict on this issue.

Secondly, Home Glass urges that the grant of

---

[4] MCLA 600.2161; MSA 27A.2161.

severance to Cadillac after the case was well into trial is impermissible under GCR 1963, 505. In relevant part the rule provides:

".2 Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Plainly the rule does not in express terms prohibit or permit severance after trial has begun. We do not think it our province to write a limitation into a rule authored by the Supreme Court. The closest we can come to precedential guidance is our prior holding that it is a matter within the discretion of the trial judge:

"[T]he question as to whether or not separate trials shall be granted rests in the sound discretion of the trial judge. It is wisely so vested by rule (GCR 1963, 505.2). It is necessary to counteract the liberalized joinder practice. We can find no abuse of that discretion in this instance. Nor can we see how defendants are ultimately harmed. If defendants have a viable cause of action as principals against their agents, it can be litigated in a separate action." *Vormelker v Oleksinski,* 32 Mich App 498, 501; 189 NW2d 135 (1971).

We affirm the judgment with costs to the appellee.

We deem it our duty to add this specific disavowal of any approval of the answer of the trial judge to the question submitted to him by the jury concerning the liability as between Home Glass and Pyramid. It was not a legal adjudication. It was not an appealable order. We specifically hold that his answer cannot be used adjudicatively in

any proceedings that may ensue as between Pyramid and Home Glass or Home Glass and Cadillac. Subject to the foregoing, the order denying a new trial or judgment notwithstanding the verdict is affirmed with costs as above indicated.