*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALFRED HATCHETT, JR.,

      Defendant-Appellant.

UNPUBLISHED
April 15, 2021

No. 351289
Wayne Circuit Court
LC No. 19-003746-01-FC

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant Alfred Hatchett, Jr., appeals as of right his convictions of two counts of criminal sexual conduct in the first degree (CSC-I), MCL 750.520b; one count of kidnapping, MCL 750.349; one count of criminal sexual conduct in the second degree (CSC-II), MCL 750.520c; one count of felon in possession of a firearm (felon-in-possession), MCL 750.224f; and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 30 to 60 years for each CSC-I conviction, 5 to 15 years for the kidnapping conviction, 1 to 5 years for the CSC-II conviction, 1 to 5 years for the felon-in-possession conviction, and 2 years for each of the felony-firearm convictions, to be served concurrent with each other but consecutive with the remaining sentences. On appeal, defendant argues only that there was insufficient evidence to prove that he was guilty of one of the CSC-I charges, count one, beyond a reasonable doubt. We disagree and affirm.

## I. FACTS AND PROCEEDINGS

This case arises out of defendant's kidnapping and sexual assault of the victim on the night of April 30, 2019. That night, the victim and her sister, Destiny, went to a series of gas stations and party stores near their house. Eventually, Destiny and the victim arrived at Mega Liquor on McNichols at about 11:00 p.m. or 12:00 a.m.

Destiny went inside Mega Liquor while the victim remained in the car. After Destiny went into the store, defendant approached the car. He pulled out a handgun, opened the driver's side door, and got into the car. Defendant drove the car out of the parking lot, parked the car on a dark

street, and sexually assaulted the victim inside the car. Defendant fled after the sexual assault, and the police were contacted by the victim's family shortly thereafter.

The victim testified in detail about the kidnapping and sexual assault. With regard to count one, the victim testified on direct examination that defendant touched her vagina "[j]ust on the outside" with his finger. Further, on cross examination, the victim testified that defendant made "a poking motion" but agreed with defense counsel that her statement to the police in which she asserted that defendant put his finger in her vagina was inconsistent with her trial testimony. However, on re-direct examination, the prosecution rehabilitated the victim's testimony with the following pertinent exchange:

> Q: Okay. Now let's talk about your vagina. And you testified that you had underwear on?
>
> A: Yes.
>
> Q: And did you testify that the poking occurred through the underwear?
>
> A: Yeah, but it was more like -- yeah, it was through the underwear. Do you want me to elaborate what I mean?
>
> Q: Yes.
>
> A: The underwear was going inside my hole, like, it was weird.
>
> Q: What hole was that?
>
> A: My vagina.
>
> Q: And you just said that it went inside your hole?
>
> A: My underwear.
>
> Q: Okay. Was his finger in your underwear?
>
> A: No, it was outside the underwear.
>
> Q: Okay.
>
> A: But it was basically the finger was going through the underwear.
>
> Q: Okay. So how did you [sic] underwear get into your vagina?
>
> A: From the poking.

After the close of proofs, defendant moved for a directed verdict with respect to count one. The trial court denied the motion, reasoning as follows:

In Count One the defendant is charged with criminal sexual conduct in the first degree. It's alleged that he engaged in a sexual penetration finger into genital opening with [the victim] during the commission of a felony of kidnapping and/or defendant was armed with a weapon.

The defendant [sic] testified that defendant did touch her vagina over her underwear. However, she testified that while the defendant was rubbing and poking with his fingers on her vagina her underwear did go inside her vagina and enter her vagina.

And the Court did find under similar circumstances in People vs. Hammons, 210 Mich App 554 the fact that the underwear did go enter inside the vagina based on the defendant's touching outside of the underwear does constitute sexual penetration for purposes of criminal sexual conduct first degree.

The jury ultimately found defendant guilty as charged.[1] Defendant now appeals, challenging only the sufficiency of the evidence with respect to count one.

## II. DISCUSSION

A challenge to the sufficiency of the evidence in support of a criminal conviction is a question of law reviewed de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court reviews the evidence in the light most favorable to the prosecution to determine whether a rational jury could have found that the essential elements of the crime were proven beyond a reasonable doubt. See *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id*. (quotation marks and citation omitted).

MCL 750.520b sets forth the crime of CSC-I, in relevant part, as follows:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

---

[1] The evidence that defendant was the perpetrator of the kidnapping and sexual assault was substantial, if not overwhelming. In addition to the victim's testimony, the prosecution also admitted a video of the initial kidnapping at Mega Liquor in which defendant was identifiable by his jacket, as well as DNA evidence indicating that his DNA was found on the victim's breast.

-3-

(c) Sexual penetration occurs under circumstances involving the commission of any other felony.

* * *

(e) The actor is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon.

The elements of CSC-I are (1) the defendant engaged in sexual penetration, (2) with one or more aggravating circumstances present. See *People v Duenaz*, 306 Mich App 85, 106; 854 NW2d 531 (2014). The jury need not agree on which aggravating circumstance is present to properly find the defendant guilty of CSC-I. *People v Gadomski*, 232 Mich App 24, 31; 592 NW2d 75 (1998).

MCL 750.520a(r) sets forth the following definition of "sexual penetration":

"Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

"According to the law, 'penetration' is *any* intrusion, however slight, into the vagina or the labia majora." *People v Lockett*, 295 Mich App 165, 188; 814 NW2d 295 (2012) (emphasis in original).

MCL 750.520h clarifies that the testimony of a victim is itself sufficient to find a defendant guilty of CSC-I:

The testimony of a victim need not be corroborated in prosecutions under sections 520b to 520g.

Here, when viewing the evidence in the light most favorable to the prosecution, the victim's testimony at trial was sufficient evidence to show that defendant was guilty of count one beyond a reasonable doubt. On re-direct examination, the victim testified that defendant made a poking motion with his finger, which caused her underwear to go inside of her "hole." Specifically, the victim testified that "[t]he underwear was going inside my hole," which she clarified meant her vagina. The victim reiterated that her underwear entered her vagina "[f]rom the poking." The clear implication of her testimony is that both her underwear and defendant's finger entered her vagina. That is, the victim's underwear could not have entered her vagina unless defendant's finger did so as well. Such circumstances are sufficient to constitute CSC-I. See *People v Hammons*, 210 Mich App 554, 557; 534 NW2d 183 (1995).

Further, regardless of whether defendant's finger entered the victim's vagina, the victim's testimony explicitly established that her underwear entered her vagina as a result of defendant's finger, and MCR 750.520a(r) provides that "sexual penetration" includes the intrusion "of any object into the genital . . . opening[]." Thus, the intrusion of her underwear into her vagina by defendant's finger constituted "sexual penetration" for the purposes of CSC-I. See, e.g., *People v*

-4-

*Wilkens*, 267 Mich App 728, 738-739; 705 NW2d 728 (2005) (holding that a sex toy constituted "any object" for the purposes of "sexual penetration").

Nonetheless, defendant argues that the evidence was insufficient because the victim's testimony was inconsistent with respect to whether an intrusion occurred. It is true that the victim repeatedly disavowed on cross examination that an intrusion occurred, at least with defendant's finger. However, in reviewing a sufficiency of evidence claim, the court resolves all conflicts in the evidence in favor of the prosecution. *Reese*, 491 Mich at 139. Further, "[i]t is fundamental that the fact finder may accept in part and reject in part the testimony of any witness." *Adkins v Home Glass Co*, 60 Mich App 106, 111; 230 NW2d 330 (1975). Consequently, the jury was entitled to disbelieve the victim's testimony to the extent that she denied that any intrusion occurred and believe her testimony to the extent that she stated that an intrusion occurred. And this Court must resolve any conflict in her testimony in favor of the prosecution.[2]

Defendant's brief on appeal is unclear but may be understood as also arguing that the evidence was insufficient because he did not directly touch the victim's vagina. However, no skin-to-skin contact is necessary for there to be "sexual penetration." See MCL 750.520a(r) (defining "sexual penetration" as an "intrusion, however slight, of any part of a person's body *or of any object* into the genital or anal openings of another person's body") (emphasis added). The victim's testimony that defendant pushed her underwear into her vagina was sufficient to show that there was an intrusion, no matter how slight, into her genital opening, and that the defendant was not simply rubbing her vaginal area. See MCR 750.520a(r).

Finally, although defendant does not expressly challenge the second element of CSC-I, it is noted that the evidence was sufficient with respect to this element as well. Concerning the aggravated circumstance of kidnapping, the victim's testimony that defendant drove her away against her will to sexually assault her was sufficient to prove the felony of kidnapping. See *People v Jaffray*, 445 Mich 287, 296-297; 519 NW2d 108 (1994) (discussing the elements of kidnapping). Concerning the aggravated circumstance of possession of a weapon, the victim's testimony that defendant possessed a firearm during the encounter was sufficient to prove possession of a weapon as well. Indeed, the jury found defendant guilty of all of the charges relating to these two aggravated circumstances.

III. CONCLUSION

The evidence was sufficient to show that defendant was guilty of count one beyond a reasonable doubt. Accordingly, we affirm.

/s/ Jane M. Beckering
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[2] In any event, the victim's testimony was not as inconsistent as defendant suggests. The victim only disavowed on cross examination that his finger entered her vagina; she did not disavow that her underwear entered her vagina as a result of being poked by his finger.