EDWIN P. JENNINGS v. ASA A. SHELDON.

*Res judicata—Wrong form of action—Action on Warranty.*

If one sues in assumpsit for the value of chattels, where by strict rules only an action of tort would lie, and obtains judgment, the judgment will determine the matters in issue as conclusively as though the proper action had been brought.

One who sells chattels with warranty of title, and who, when his vendee is sued for their value by the real owner, takes upon himself the defense of the suit, is bound by the result, whatever may have been the form of action.

A purchaser with warranty of title need not await the result of a suit by an adverse claimant, before bringing action against the warrantor,

though if he does not, he takes upon himself the burden of showing the breach which a judgment in a suit defended by the warrantor might have established.

Error to Midland.    Submitted June 10.    Decided June 16.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*Burton & Hemingway* and *M. H. Stanford* for plaintiff in error.

*James Van Kleeck* for defendant in error.

COOLEY, J.    Jennings sued Sheldon upon a warranty of title of certain stone which Sheldon had sold to him.    To show a breach of the warranty and his damages, he proved that one Dean had afterwards sued him for the value of the stone; that he had given Sheldon the defense of the suit, but that it had resulted in a judgment in favor of Dean for the value of the stone, which Jennings had paid.    The circuit judge held that the recovery of judgment by Dean was no evidence as against Sheldon of a failure of title, because the suit was in assumpsit, and necessarily counted on an express or implied promise by Jennings to pay Dean for the stone; and he therefore directed a verdict for defendant.

It is a fair inference from the recitals in the bill of exceptions that plaintiff gave other evidence of the failure of title besides the Dean judgment; but this is not important, since it was clearly shown that the Dean suit was brought to recover for the value of the stone, and that Sheldon assumed the defense of it.    It was immaterial that the suit was in assumpsit.    It may be that the circumstances of the taking of the stone were such that assumpsit could not have been supported if objection had been made ( *Watson v. Stever* 25 Mich. 386); but the parties were not bound to take that objection, and the title could as well be tried in an action of assumpsit, as in one of trespass or trover.    The question was not of the form of action, but of what was in issue in the case; and this must commonly be shown by other evidence than the pleadings.    Besides, the Dean suit was proved only

in order to fix conclusively the breach of warranty and the amount of damages; but these might be made out on other evidence; plaintiff was not compelled to have litigation with Dean, but as soon as he was satisfied the stone belonged to him he might surrender it and sue on the warranty at once.

It is objected that the declaration does not show that the warranty was a part of the consideration of the purchase; but though informal we think the pleading sufficient. It is also said plaintiff is not entitled to recover the amount of the costs of the Dean suit, because he gave defendant no written notice to defend; but if defendant took charge of the defense in that suit, the notice was immaterial.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.