### EDWIN ESTELLE v. WILLIAM PEACOCK.

*Action for purchase price of personalty—Assumption of defence—Revocation of license.*

Where the vendee of personal property retains and converts it to his own use he may resist a suit for the purchase price on the ground that his vendor had no title, if the claimant himself, to save a multiplicity of suits, has assumed the defence under an arrangement that the vendee shall pay him for the property if the defence prevails.

An oral permission by the owner of land to cut timber thereon is a mere license and is revoked by the death of the licensor.

Where the claimant of personalty sold by another assumes the defence of an action for the purchase price brought by the vendor against the vendee on the understanding that if the defence prevails the vendee will pay the claimant instead of the vendor, the judgment concludes the claimant's rights as between vendor and vendee.

Error to Eaton.    Submitted Apr. 25.    Decided June 14.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Wood & Maynard* and *H. A. Shaw* for appellant.    It is a defence to an action for the purchase price of chattels sold without warranty that the vendee has no title: *Moore v. Lanham* 3 Hill (S. C.) 588; discovery by the vendee of

unpaid incumbrances enables him to retain the amount from the purchase money: *Tod v. Gallagher* 16 S. & R. 261; *Christy v. Reynolds* 16 S. & R. 258; and defective title is a good defence without eviction: *Hart v. Exr. of Porter* 5 Serg. & R. 205; distinction is made between vendees who have paid and those who have not: *Steinhauer v. Witman* 1 S. & R. 442; in trover it is a good defence that the property belongs to a third person between whom and defendant there is no privity: *Boyce v. Williams* 84 N. C. 275: 37 Am. Rep. 618; *Laspeyre v. McFarland* N. C. Term 187; *Barwick v. Barwick* 11 Ired. 80.

*Isaac D. McCutcheon* for appellee. A purchaser of personalty cannot retain possession and defend against an action for the purchase price: *Sweetman v. Prince* 26 N. Y. 224; *Bordwell v. Collie* 45 N. Y. 494; *McGiffin v. Baird* 62 N. Y. 329; *Vibbard v. Johnson* 19 Johns. 78; *Whitney v. Lewis* 21 Wend. 130; *Case v. Hall*, 24 Wend. 102; *Cool v. Snover* 38 Mich. 562; *Jennings v. Sheldon* 44 Mich. 92.

COOLEY, J. Estelle sued Peacock upon a promissory note given for logs which Peacock had bought of him. The defence was a failure of consideration. The evidence tended to show that the logs were cut by Estelle on lands belonging to the estate of David R. Bradford, under pretence of a parol permission given by Bradford in his lifetime, and after being warned by the administrator not to cut them; that the administrator and heirs of Bradford, when they were informed of what had been done, notified Peacock not to pay Estelle for the logs, as they claimed them as the property of the estate and should require of him payment of the value; and that when Peacock was sued he gave to those parties the defence of the suit, agreeing to pay to the administrator the price of the logs in case this defence was successful. The circuit court held that these facts constituted no defence, and the plaintiff had judgment.

It has several times been held that a vendee of personal property who retains it in his possession or converts it to his own use, cannot, as a general rule, resist a suit for the purchase price on the ground of want of title in his vendor. *Vibbard v. Johnson* 19 Johns. 77; *Case v. Hall* 24 Wend. 102; *Ogburn v. Ogburn* 3 Port. (Ala.) 126; *Brown v. Smith* 6 Miss. 387; *Ware v. Houghton* 41 Miss. 370; *Kennebeck Log Driving Company v. Burril* 18 Me. 314; *Krumbhaer v. Birch* 83 Penn. St. 426. Exception is made of cases of fraud; cases in which recovery has been had against the vendee by one claiming paramount title; and cases where, without recovery, the vendee has settled with the real owner, or has had his possession disturbed by him. *McGiffin v. Baird* 62 N. Y. 329. None of these exceptions exactly meets the present case.

It is not pretended in this case that the oral permission, if any was given by Bradford for the cutting of the logs, could be of any validity as a protection for what was done, or of any avail to pass title. It was a mere license, revoked by the death of Bradford; and so the circuit court held. The logs, then, on the showing made by the defence, belonged to the Bradford estate, and defendant, if they had been demanded of him, could not have resisted the claim of that estate. The fact remains, however, that his possession has not been disturbed, and we do not understand it to be claimed that Estelle was guilty of fraud in making the sale. He may have believed that an oral license given by Bradford in his life-time was not subject to revocation. Under such circumstances the general rule is reasonable which precludes the vendee from retaining the property and at the same time refusing to pay for it on the mere notice of a claim which another sets up, but which there may never be an attempt to enforce.

But this case is peculiar. The parties interested in the Bradford estate have not simply given notice that the logs belong to the estate and that they shall require payment of their value from the defendant, but they have come forward and assumed his defence of this suit. They therefore, so

far as is possible in the nature of things, have made themselves parties to this litigation; they have interfered and actively asserted their claim, with the very commendable purpose of making one suit accomplish the end of two, and of saving to the defendant the trouble and expense of a controversy which concerns Estelle and themselves, but to the result of which defendant is indifferent. The defence is thus made the defence of the estate against the claim of the plaintiff, and the judgment will conclude the rights of the estate as between him and the defendant. *Jennings v. Sheldon* 44 Mich. 92; *Bachelder v. Brown* 47 Mich. 366.

There is no injustice in permitting this defence to be made by the estate, and no conflict with the cases referred to. The judgment must be reversed with costs and a new trial awarded.

CAMPBELL and MARSTON, JJ. concurred.