### CURRAN v. GORDON.

1. LOGS AND LOGGING—LICENSE—TIMBER AS PERSONALTY.
    A bill of sale of standing timber reciting that the grantor here-by sells to the grantee certain timber, describing the property on which it stands, creates a license to enter and remove timber.

2. SAME—DEEDS.
    By such writing no interest in lands is conveyed.

3. SAME—SEVERANCE.
    Until the timber is severed no title passes, but thereafter it be-comes personal property.

4. SAME—REVOCATION OF LICENSE.
    By revocation of such a license, the grantee's rights terminate.

5. SAME.
    A written license is not an interest in real property, and is revocable.

6. SAME—TERMINATION BY DEATH OF LICENSOR.
    It is terminated by the death of the licensor before severance.

7. SAME—ASSIGNMENT—NOTICE.
    Notice given to decedent's heirs of the licensee's claim to the timber in no way prevented revocation, and by their enter-ing into an inconsistent agreement with a third party to re-move the timber they effected revocation.

8. SAME—APPEAL AND ERROR.

> That the licensee has possession of the timber and premises on which it stands, avails nothing to such licensee who shows no additional rights based on it and asks for no relief on account thereof in his suit to enjoin the said heirs and their transferee from removing the timber.

Appeal from Alcona; Connine, J. Submitted October 25, 1911. (Docket No. 105.) Decided March 29, 1912.

Bill by Phillip Curran against John A. Gordon and others for an injunction restraining defendants from cutting certain timber. From an order overruling a demurrer to the complainants' bill, defendant Gordon appeals. Reversed.

*Albert McClatchey,* for appellant.

*Joseph H. Cobb,* for appellee.

BIRD, J. Complainant filed this bill to enjoin defendants from cutting certain standing timber in Alcona county. A temporary injunction was granted. Defendants demurred to the bill. From an order overruling the demurrer, the defendant Gordon has appealed.

The bill of complaint, in substance, shows: That on March 28, 1901, Sarah E. Backus was owner in fee of certain premises in Alcona county, and that on the foregoing date she sold him the timber thereon, and delivered to him the following bill of sale:

"DETROIT, MICH., March 28, 1901.

"For a valuable consideration I hereby sell to P. Curran all the timber on S. E. ¼ of S. W. ¼ Sec. 29 & N. ½ of S. W. ¼ of Sec. 28, in town 26 N. 8 East, Gustin Township, Alcona Co., Mich.

"S. E. BACKUS. ·
"PHILLIP CURRAN."

That since the execution and delivery of said bill of sale he has been in possession of said lands. That since said agreement was made Sarah E. Backus has died, and that

her sons now claim to own title to said lands. It is further shown by said bill that early in the year 1909 Henry N. Backus and Newton D. Backus entered into a contract with defendant Gordon to cut and remove the timber from said lands, and in pursuance of said contract the said Gordon was engaged in carrying out said contract when this suit was commenced. Complainant further shows that Henry N. Backus and Newton D. Backus had notice of his rights early in the year 1909, and that Gordon had notice thereof before he commenced his operations on said lands, and was forbidden to cut and remove the timber. The grounds of demurrer are:

"(1) Because the said bill does not show that the complainant has any interest in the subject-matter thereof.

"(2) Because the bill of sale mentioned in paragraph 3 of said bill was in effect no more than a license to cut timber, and the subsequent allegations in the said bill show a clear and distinct revocation of such license.

"(3) Because the complainant has not, as appears by his said bill, made out any title to the relief thereby prayed."

The writing executed by the parties was a bill of sale of the timber with a license to enter upon the lands and remove it. The timber until it was severed was a part of the realty. The writing does not attempt to convey any interest in lands. Therefore no title to the timber would pass until it was severed from the realty. When severed, it became personal property and passed by the bill of sale. As was said in *Greeley* v. *Stilson*, 27 Mich. 153, "it was the sale of a future chattel." Such a license may be revoked at any time before the timber is severed. If that were done in the present case, as it is claimed, it concluded the complainant's rights. *Greeley* v. *Stilson*, 27 Mich. 153; *White* v. *King*, 87 Mich. 107 (49 N. W. 518). But it is said the license was in writing, and could not be revoked.

The writing would not prevent it. A license is not an interest in real estate, and therefore may as well rest in parol as in writing. The statute of frauds is not involved.

It is claimed that the death of Sarah E. Backus, before complainant severed the timber, worked a revocation of the license. It is so held by this court. *Estelle* v. *Peacock*, 48 Mich. 469 (12 N. W. 659); *Nowlin Lumber Co.* v. *Wilson*, 119 Mich. 406 (78 N. W. 338).

The complainant shows that he notified Henry N. Backus and Newton D. Backus of his rights to the timber after the mother's death and before the contract was made with Gordon. This would avail him nothing, as the sons would have the same right to revoke the license as the mother had, and the act of the sons in granting to Gordon a right inconsistent with complainant's would work a revocation of the license. 18 Am. & Eng. Enc. Law (2d Ed.), p. 1141.

The complainant alleges that he has had possession of the lands ever since the license was delivered to him. He fails to make it appear what connection there is, if any, between the fact of possession and his license. In the prayer of the bill he asks for no relief on account of such possession. The only relief invoked is based upon the license. Neither does he claim anything for it in his brief; therefore no consideration will be given to it.

The order overruling the demurrer will be reversed, and one entered sustaining it. Defendant Gordon will recover costs of this court.

MOORE, C. J., and McALVAY, STONE, and OSTRANDER, JJ., concurred.