WOLFENDEN v BURKE

1. REAL ACTIONS—EQUITABLE ACTIONS—RIGHT TO JURY TRIAL—STAT-UTES.

An action brought to establish the right to use a disputed parcel of land is deemed by statute to be equitable in nature; therefore, there is no right to a trial by jury in this type of action, except where the action is in the nature of ejectment, because the constitutional right to trial by jury applies to civil actions at law that were triable by jury at the time of adoption of the constitutional guarantee of the right to jury trial and there was no right to a jury trial where equitable relief was sought (Const 1963, art 1, § 14, MCLA 600.2932; MSA 27A.2932).

2. REAL ACTIONS—EJECTMENT—RIGHT TO JURY TRIAL.

One in actual and peaceable possession of land cannot be dispossessed without the right to a trial by jury; therefore, the right to a jury trial is preserved in an action for ejectment, but where a party claims the right to permanent use of the land and the party against whom the claim is made is not in actual and peaceable possession of the land, the action is not one in ejectment, and there is no right to a trial by jury.

3. TRIAL—SEPARATION OF CLAIMS—JUDGE'S DISCRETION—COURT RULES.

The division of a lawsuit into separate trials for convenience or to avoid prejudice is a matter within the discretion of the trial judge, but an order separating a trial was erroneous insofar as it precluded a plaintiff from introducing proofs relevant to the issues involved in one of the separate trials on the basis that those proofs involved the claims of the defendant in the other trial (GCR 1963, 505.2).

4. REAL ACTIONS—BREACH OF WARRANTY—VENDOR AND PURCHASER—ADVERSE CLAIMS—ENCROACHING PARTIES.

A grantee's claim against a grantor for breach of warranty

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Jury §§ 42, 45.
[2] 25 Am Jur 2d, Ejectment § 114.
[3] 75 Am Jur 2d, Trial §§ 7, 11.
[4] 23 Am Jur 2d, Deeds § 301.

against encumbrances, warranty of quiet enjoyment and the duty to defend title may be brought without any litigation between the grantee and the encroaching party; the grantee need only prove the fact of an adverse claim of title or right.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted October 9, 1975, at Lansing. (Docket No. 20523.) Decided June 14, 1976.

Complaint by Keith T. Wolfenden and Violet Wolfenden against Michael J. Burke, Cecile M. Burke, Terrence L. O'Heren, Frances J. O'Heren, David Fisher, and Barbara A. Fisher to determine ownership of certain real estate and for breach of covenants in certain warranty deeds. A separate trial was ordered on the claims against defendants Fisher, and plaintiffs' claim against defendants Burke and O'Heren was dismissed. Plaintiffs appeal by leave granted. Affirmed in part, reversed in part, and remanded for further proceedings.

*Bellairs, Dean, Cooley & Siler,* for plaintiffs.

*Neithercut & Neithercut* (by *James C. Dillard),* for defendants Michael J. Burke and Cecile M. Burke.

*M. Bushnell Trembley,* for defendants David Fisher and Barbara A. Fisher.

*Vance Mallory,* for defendants Terrence L. O'Heren and Frances J. O'Heren.

Before: QUINN, P. J., and D. E. HOLBROOK and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal, by leave granted, from an interlocutory ruling of the Genesee County Circuit Court ordering a separate trial

for the plaintiffs' claims against defendant Fisher and dismissing without prejudice plaintiffs' cause of action against defendants Burke and O'Heren.[1]

The relevant facts are these. In 1956, by warranty deed, defendant O'Heren conveyed to defendant Burke a 22-acre parcel of land. In 1964 Burke conveyed the same 22-acre parcel to plaintiff Wolfenden, also by warranty deed. The Burke-Wolfenden conveyance was made "subject to all building restrictions, easements and reservations in the chain of title, or of record, or which would show on examination of the premises". It also excepts certain taxes from the covenants of warranty. Otherwise, plaintiffs allege, both the O'Heren-Burke warranty deed and the Burke-Wolfenden deed contained all of the covenants attributable to warranty deeds by statute. MCLA 565.151; MSA 26.571.

Part of the 22-acre parcel consisted of a strip of land, 8 to 15 feet in width, lying between Thread Creek and the east boundary of the property. A dispute arose between plaintiffs and adjoining landowners, including Fisher, as to title to and use of this strip of land.

In August 1972 plaintiffs brought this action against defendants O'Heren and Burke alleging that O'Heren and Burke had breached the covenants of seizin, quiet possession, defense of title and freedom from encumbrances contained in the warranty deed by which they conveyed the 22-acre parcel. In support of this claim plaintiffs alleged that Fisher and other adjoining landowners claimed fee title to the strip of land lying east of Thread Creek by virtue of holographic deeds from O'Heren. They further alleged that because of the

_____

[1] Each party's wife was a named party but herein all references will be singular.

title derived by Fisher and the other adjoining
landowners from O'Heren's holographic deeds nei-
ther Burke nor O'Heren were lawfully seized of
the disputed strip of land at the time they con-
veyed by warranty deed; and that the claims of
Fisher and others to the disputed strip of land
under color of title were encumbrances warranted
against by Burke and O'Heren.

In February 1973 plaintiffs demanded a jury
trial and paid the fee. In May 1973, after obtain-
ing leave of court, plaintiffs added Fisher and
other adjoining landowners as parties defendant
and amended their complaint to allege the nature
of their cause of action against Fisher and the
other parties. Plaintiffs again alleged that Fisher
claimed fee title to the disputed strip of land and
that he was dumping debris into Thread Creek
causing diversion of its course to plaintiffs' disad-
vantage. Against Fisher plaintiffs seek an injunc-
tion restraining Fisher from dumping debris into
Thread Creek and from excluding plaintiffs from
use of the disputed land.[2]

On the day of trial defendant Fisher moved the
court to try the issues raised in the amended
complaint without a jury inasmuch as the relief

[2] Plaintiffs' amended complaint adds as parties defendant all of the
owners of lots adjoining the disputed strip of land. The lots are in
Killarney Park #1 subdivision, City of Burton, Genesee County.
Defendants Potter are the owners of lot 29, defendants Snider—lots
27 and 28, defendants Williamson—lot 30 and defendants Fisher—lots
31, 32 and 33. The complaint against Potter and Williamson was
dismissed by Judge Bivins on the day set for trial. No appeal has been
taken as to that dismissal. The complaint against Snider was dis-
missed by stipulation after settlement. Throughout their amended
complaint plaintiffs seem to assume that a judgment rendered in a
previous lawsuit in which Potter and Williamson were plaintiffs and
Wolfenden and O'Heren were defendants has some effect on Fisher's
rights in the disputed parcel. It does not. Fisher was not a party to
that lawsuit. Much of the relief sought in plaintiffs' amended com-
plaint relates to interpretation, clarification or amendment of the
previous judgment which would not affect any rights Fisher may have
in the disputed strip of land.

requested therein was entirely equitable in nature and because no jury demand had been filed in connection with the amended complaint.

The court properly ruled that the plaintiffs, having once filed a timely demand for jury trial in accordance with GCR 1963, 508.4, were not required to renew this request when the complaint was amended to add new parties defendant to the original action. The court agreed, however, that the relief sought against Fisher was entirely equitable in nature and granted Fisher's motion that plaintiffs' cause of action against Fisher be tried by the court and not the jury.

The pleadings support the court's finding that plaintiffs seek only injunctive relief against Fisher. Plaintiffs argue, however, that defendant Fisher raised a legal issue when he claimed the permanent right to use the disputed land by adverse possession, and that they have a right to jury trial on that issue. We disagree.

Although Fisher's claim is not expressly denominated as a counterclaim it is alleged in the nature of a counterclaim seeking to establish by judgment of the court his permanent right to use the disputed parcel of land. The statutory authority for the assertion of such a claim is found in MCLA 600.2932(1); MSA 27A.2932(1), which provides:

"Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not."

This statute further provides:

"(5) Actions under this section are equitable in nature."

The constitutional right to trial by jury, Const 1963, art 1, § 14, applies to civil actions at law that were triable by jury at the time the constitutional guarantee was adopted. *Conservation Department v Brown,* 335 Mich 343; 55 NW2d 859 (1952). There was no such right where the relief sought was equitable in nature. *Brown v Kalamazoo Circuit Judge,* 75 Mich 274, 284; 42 NW 827 (1889), *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967). The General Court Rules and the Revised Judicature Act have abolished the procedural distinctions between law and equity. The only apparent purpose, therefore, of the statutory provision that actions under § 2932 of the Judicature Act, *supra,* are equitable in nature is to establish that there is no right to trial by jury in this type of action. See Practice Commentary, 33 MCLA 821.

An exception to this rule is a § 2932 action in the nature of ejectment. In such an action the right to trial by jury is preserved because ejectment was a civil action at law triable by jury at the time the constitutional guarantee of the right to jury trial was adopted. *Conservation Department v Brown, supra.*

If plaintiffs were in actual and peaceable possession of the disputed parcel of land in this case at the time defendant Fisher asserted his right to permanent use of the land, Fisher's counterclaim would have been in the nature of an action in ejectment since a judgment in his favor would have at least partially dispossessed the plaintiffs. One in actual and peaceable possession of land cannot be dispossessed without the right to a trial by jury. *Kamman v Detroit,* 252 Mich 498; 233

NW 393 (1930). The record indicates, however, that plaintiffs were not in actual and peaceable possession of the land at the time defendant Fisher asserted his claim to the right to permanent use of the disputed parcel. Therefore, there was no constitutionally preserved right to a trial by jury and the trial court did not err in refusing to grant one.

The court further ordered that "all issues relating to defendants Fisher" would be tried by the court on an adjourned date. Plaintiffs claim that in separating the Fisher issues from the Burke-O'Heren issues and delaying the trial of the Fisher issues until after the Burke-O'Heren issues were tried by jury, the court abused its discretionary power to determine the sequence of trials.

The division of a lawsuit into separate trials is a matter within the discretion of the trial judge. The pertinent court rule, GCR 1963, 505.2, provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

Our Supreme Court has expressed the feeling that the "extraordinary" provisions of this rule are "designed for selective application to those cases in which the convenience of the parties and the court or the avoidance of prejudice compels such deviation from our traditional trial practices". *Peasley v Lapeer Circuit Judge,* 373 Mich 222, 226; 128 NW2d 515 (1964). We find no error in the court's order insofar as it separates plaintiffs' case against Fisher from plaintiffs' case against O'Heren and Burke. But insofar as the order precludes the plaintiffs from introducing proofs as

to the alleged Fisher encumbrances in the case against O'Heren and Burke it was erroneous. The Fisher encumbrances were set forth in well pleaded allegations in plaintiffs' original complaint against O'Heren and Burke. These allegations were relevant to the issues raised in that case and indeed crucial to the determination of those issues. Plaintiffs had the right to prove those allegations even if the court had properly separated their case against Fisher from their case against Burke on the ground that the relief sought against Fisher was entirely equitable in nature.

In Michigan, a claim against the grantor for breach of the covenant or warranty against encumbrances, warranty of quiet enjoyment and the duty to defend title may be brought and proved without any litigation whatsoever between the grantee and the encroaching party. The grantee need not present a judgment against the encroaching party, but need only prove the fact of an adverse claim of title or right. *Jennings v Sheldon,* 44 Mich 92; 6 NW 96 (1880). Hence it was not necessary that Fisher, the alleged encroaching party, be added as a party defendant in this lawsuit. Plaintiffs could have offered proofs, in their original lawsuit against O'Heren and Burke, on all well pleaded allegations as to Fisher's encumbrances without making Fisher a party defendant or without having previously litigated the encroachment issues with Fisher. The fact that Fisher was joined as a party defendant and that the issues as between plaintiffs and Fisher were later separated for trial by the court does not have any effect on plaintiffs' right to prove the alleged Fisher encumbrances in their action against O'Heren and Burke.

Accordingly, the order of the trial court is re-

versed insofar as it precludes plaintiffs from offering proofs as to the Fisher encumbrances in plaintiffs' action against O'Heren and Burke and insofar as it dismissed plaintiffs' action against O'Heren and Burke. In all other respects the order of the trial court is affirmed. The case is remanded for proceedings not inconsistent with this opinion.