NEWSTEAD BUILDERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. FIRST MERCHANTS NATIONAL BANK, ABAB ENTERPRISES, A PARTNERSHIP AND MORITZ NAPPE, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 4, 1977—Decided January 20, 1977.

Before Judges HALPERN, BOTTER and DAVIDSON.

*Mr. Edward J. Nesselquist* argued the cause for appellant (*Messrs. Judge, Dowd & Geddis,* attorneys).

*Mr. Richard A. Grossman* argued the cause for respondent First Merchants National Bank (*Messrs. Novins, Farley, Grossman, Liston & York,* attorneys; *Mr. Terrence P. Farley,* on the brief).

*Mr. Alexander D. Lehrer* argued the cause for respondent Abab Enterprises (*Messrs. Anschelewitz, Barr, Ansell & Bonello,* attorneys).

*Mr. Moritz Nappe* neither filed a brief nor appeared.

The opinion of the court was delivered by

HALPERN, P. J. A. D. The limited issue here involved is whether a partial summary judgment entered and docketed in the Superior Court, which holds that a defendant must indemnify plaintiff if plaintiff is ever required to pay a certain obligation, creates a lien on defendant's interest in real property. Admittedly, the partial summary judgment was interlocutory and was not for a specified amount of money. The trial judge held in a subsequent separate suit by plaintiff against defendant's grantees and mortgagee that no lien had been created by the partial summary judgment. The instant appeal is from that finding. We affirm.

The short answer is that, except for special statutory provisions (*e. g., lis pendens* under *N. J. S. A.* 2A:15–7), a judgment cannot be the foundation for a lien on real property unless it is final and for a sum certain. See *N. J. S. A.* 2A:16–1 *et seq.; N. J. S. A.* 2A:17–17; *Jones v. Parker,* 107 *N. J. Super.* 235 (App. Div. 1969); 49 *C. J. S. Judgments* § 458 at 887; 3 *Powell, Real Property,* § 478 at 702.3; 2 *Freeman, Judgments* (5 ed. 1925), § 929; 10A *Thompson, Real Property,* § 5310 at 664; *Roach v. Roach,* 164 *Ohio St.* 587, 132 *N. E.* 2d 742 (Sup. Ct. 1956).

We note that in March 1973 Mortimer G. Newman, Jr., then clerk of the Superior Court, published a notice to the bar in 96 *N. J. L. J.* 329, advising attorneys that judgments for liability only would not be entered in the Civil Judgment and Order Docket where liens are recorded but would only be entered in the Civil Docket.

Affirmed.