COMMONWEALTH CAPITAL INVESTMENT CORPORATION v
McELMURRY

Docket No. 44208. Submitted May 14, 1980, at Marquette.—Decided
December 16, 1980.

Commonwealth Capital Investment Corporation brought an ac-
tion against Leland R. McElmurry and several others. Mc-
Elmurry was a general partner of MHS Enterprises, a dissolved
partnership and also a defendant, which had guaranteed per-
formance on a promissory note, loan agreement and mortgage
made by The Inn Group, Inc., another of the defendants. The
plaintiff alleged that The Inn Group, Inc., had defaulted on the
note and that the other defendants were liable to the plaintiff.
The Delta Circuit Court, Clair J. Hoehn, J., entered a default
against MHS, and McElmurry filed a counterclaim against the
plaintiff. A judgment was entered, finding that MHS had de-
faulted on its agreement, but reserving the question of Mc-
Elmurry's liability for a later determination. Ultimately, the
court granted the plaintiff summary judgment against Mc-
Elmurry in his capacity as a general partner of MHS. Mc-
Elmurry appeals, alleging that because MHS had been dis-
solved prior to plaintiff's suit no judgment could be rendered
against it and he could not, therefore, be held liable on the void
judgment, that there is no right to proceed against a former
individual partner based on a judgment against the dissolved
partnership, and that the trial court erred in granting a writ of
execution against his property prior to the resolution of the
plaintiff's claims against him in his individual capacity and
before resolution of his counterclaim against the plaintiff. *Held:*

1. A partnership is not terminated upon dissolution. It con-
tinues on until the winding up of partnership affairs is com-
pleted. The winding up includes the satisfaction of debts
against the partnership. Therefore, a partnership may be sued

REFERENCES FOR POINTS IN HEADNOTES
[1] 60 Am Jur 2d, Partnership §§ 171, 230.
[2] 60 Am Jur 2d, Partnership § 208 *et seq.*
[3] 60 Am Jur 2d, Partnership § 307.
[4] 75 Am Jur 2d, Trial §§ 7, 11.

in its own name following dissolution but prior to termination. The judgment against MHS was not void, and McElmurry, as a former general partner, could properly be held liable.

2. The judgment against McElmurry was proper. All partners are jointly liable for the obligations of a partnership and the existing liability of a partner is not discharged upon dissolution of the partnership. Execution must first be brought against the assets of the partnership, but in this case no such assets exist.

3. McElmurry's counterclaim was in response to the plaintiff's action against him as an individual guarantor. He was initially found liable as a partner of MHS, the question of his individual liability was severed, and he agreed to the severance. The trial court did not aubse its discretion in allowing execution against McElmurry's property based upon his partnership liability prior to determination of his individual liability.

Affirmed

1. PARTNERSHIP — DISSOLUTION OF PARTNERSHIP — STATUTES.

On dissolution a partnership is not terminated but continues until the winding up of partnership affairs is completed; the winding up includes the satisfaction of debts against the partnership and the partnership, therefore, may be sued in its own name following dissolution but prior to termination, which occurs at the conclusion of the windup of partnership affairs (MCL 449.30; MSA 20.30).

2. PARTNERSHIP — LIABILITY OF PARTNERS — DISSOLUTION OF PARTNERSHIP — STATUTES.

All partners are jointly liable for the debts and obligations of a partnership, and the dissolution of the partnership does not discharge the existing liability of any partner (MCL 449.15, 449.36[1]; MSA 20.15, 20.36[1]).

3. PARTNERSHIP — JUDGMENT CREDITORS — INDIVIDUAL ASSETS OF PARTNER.

A judgment creditor of a partnership must bring execution against the partnership assets before seeking to reach a general partner's individual assets.

4. TRIAL — SEVERANCE — JUDGE'S DISCRETION.

The decision of whether to divide a lawsuit into separate trials is a matter within the discretion of the trial court.

*LeMire Law Office,* for plaintiff.

*Glassen, Rhead, McLean & Campbell,* for defendant McElmurry.

Before: MACKENZIE, P.J., and BRONSON and AL-LEN, JJ.

PER CURIAM. On June 24, 1975, plaintiff filed a three-count complaint against defendants. Count I averred that The Inn Group, Inc., defaulted on a promissory note, loan agreement, and mortgage. Count II sought judgment against Howard Hemminger, William Sterling, and defendant-appellant Leland McElmurry as guarantors of The Inn Group, Inc., note. Count III sought judgment against MHS Enterprises, a Michigan copartnership (hereinafter MHS), and its general partners, including McElmurry, based upon a partnership guarantee of The Inn Group's performance.

On August 5, 1975, a default was taken against MHS. On January 30, 1976, McElmurry filed a counterclaim against plaintiff alleging unauthorized and improper disbursements.

On June 4, 1976, the court entered a partial judgment finding that MHS had defaulted on the loan agreement. For whatever reasons, however, the court specifically reserved for future determination the question of McElmurry's personal liability as an individual guarantor and plaintiff's right to proceed against him as a partner of MHS.

On November 19, 1976, plaintiff filed a motion for summary judgment against McElmurry in his capacity as a general partner of MHS. Following a hearing on July 19, 1977, the court granted the motion. In so doing, the court specifically held that McElmurry had previously stipulated to the entry of judgment against MHS. Since judgment was entered against MHS, and since McElmurry admitted that he was a partner in MHS, the court

found him liable for the entirety of the debt, which was calculated as $1,126,304 in principal, $410,981.50 in interest, less $400,000 proceeds from a foreclosure sale.

From this entry of judgment, McElmurry appeals. McElmurry will hereinafter be referred to simply as defendant.

Defendant first contends that since MHS was dissolved prior to the institution of plaintiff's suit, no judgment could be rendered against it and, as such, he could not be liable on the void judgment as a general partner.

MCL 449.30; MSA 20.30, which is identical to § 30 of the Uniform Partnership Act, provides:

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

In *Englestein v Mackie*, 35 Ill App 276, 288-299; 182 NE2d 351, 357-358 (1962), the Illinois Court of Appeals said the following about § 30 of the Uniform Partnership Act:

"The terms 'dissolution' and 'termination', as employed in the Partnership Act are not synonyms and, as used, have different meanings. Dissolution does not terminate the partnership and does not end completely the authority of the partners. The order of events is: (1) dissolution; (2) winding up; and (3) termination. Termination extinguishes their authority. It is the ultimate result of the winding up and occurs at the conclusion of the wind up."

The "winding up of partnership affairs" includes the satisfaction of debts against it. Consequently, it is our opinion that a partnership may be sued in its own name following dissolution, but prior to termination.

Defendant relies on *Yellow Cab Co v Allen,* 377 P2d 220 (Okla, 1962), for the contrary result. In fact, the Oklahoma Supreme Court did decide in *Allen* that, following dissolution, no judgment could be rendered against the partnership as such. *Id.,* 223. However, in *Carter v Love,* 394 P2d 472, 475 (Okla, 1964), the court renounced this rule, holding:

"In 54 OS 1961, § 230 (enacted 1955), it is provided:
" 'On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.'
"While it would seem that this section of the statute would modify the rule expressed in the *Yellow Cab* case, *supra,* so that an action may be maintained and judgment rendered against a partnership firm as such while in the process of dissolution and until such time as the winding up of partnership affairs has been completed, *Cotten v Perishable Air Conditioners,* 18 Cal 2d 575, 116 P2d 603, 136 ALR 1068, it does not require that the firm, as such, must be joined."

This result is also supported by the Supreme Court of New Jersey which stated the following in *Scaglione v St Paul-Mercury Indemnity Co,* 28 NJ 88, 102; 145 A2d 297, 304 (1958):

"On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed, and for that purpose alone. RS 42:1-30. The Uniform Partnership Law so provides. 7 ULA § 30. And the winding-up process includes the satisfaction of the partnership obligations and the bringing of legal actions to that end. Generally, dissolution 'operates only with respect to future transactions; as to everything past the partnership continues until all pre-existing matters are terminated'; and there is no reason, therefore, why a 'statute authorizing a judgment against a partnership by service upon one partner [the

rule at common law calls for service on all the part-ners] should not be just as effective and applicable during the period subsequent to dissolution but prior to termination of the partnership as it is during the period before dissolution.' *Cotten v Perishable Air Condition-ers,* 18 Cal 2d 575, 116 P2d 603; 136 ALR 1068 (Sup Ct 1941)."

See, also, *North Star Coal Co v Eddy,* 442 Pa 583; 277 A2d 154 (1971).

Plaintiff properly sued the partnership as an entity. Consequently, the judgment entered against the partnership was not void, and defen-dant could be held liable as a general partner of the partnership.

Defendant further contends that there is no right to proceed against an individual partner based upon a judgment against the partnership. We disagree. MCL 449.15; MSA 20.15 provides that all partners are jointly liable for the debts and obligations of the partnership. Furthermore, MCL 449.36(1); MSA 20.36(1) provides that the dissolution of the partnership does not discharge the existing liability of any partner.

We agree with defendant that the judgment creditor of a partnership must first bring execution against the partnership assets before seeking to reach a general partner's individual assets. See, MCL 449.18(a); MSA 20.18(a) and MCL 449.40(d); MSA 20.40(d). However, defendant does not allege that partnership assets remain which might be used to satisfy the debt. An examination of the record suggests that, in fact, no such assets do continue to exist. Thus, the trial court's order was not improperly entered.

Defendant finally contends that the trial court erred in granting a writ of execution against his property prior to the resolution of plaintiff's claims

against him in his individual capacity and prior to resolution of his personal counterclaim against plaintiff. Defendant was sued on his individual guarantee, as well as in his capacity as a partner in MHS. It is clear that defendant's counterclaim was in response to plaintiff's action against him as an individual guarantor. Therefore, there is no particular reason why the counterclaim should necessarily be litigated prior to execution against defendant's property. Defendant is liable as a partner of MHS, and his personal liability as a guarantor does not alter this fact.

We further note that defendant explicitly agreed to reserve litigation on the question of his liability on his personal guarantee, and on the counterclaim, until a later date. As such he cannot now complain because the matters were severed.

GCR 1963, 505.2 provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

The trial court's decision to divide a lawsuit into separate trials is a matter within the discretion of the trial court. Unless this discretion is abused, no reversal is justified. *Wolfenden v Burke,* 69 Mich App 394, 400; 245 NW2d 61 (1976), *Adkins v Home Glass Co,* 60 Mich App 106, 112; 230 NW2d 330 (1975). Particularly in light of the fact that defendant agreed to the severance, we can find no abuse of discretion on this record.

Affirmed.