270 N.J. Super. 332 (1994)
637 A.2d 202
SEVENTY-THREE LAND, INC., PLAINTIFF-RESPONDENT,
v.
MAXLAR PARTNERS, A NEW JERSEY PARTNERSHIP AND LARRY LEVY, JANE LEVY, NANCY LEVY, DEFENDANTS, AND MAX ODLEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1993.
Decided February 7, 1994.
*334 Before Judges BRODY, STERN and KEEFE.
Ira Rabkin argued the cause for appellant (Molotsky, Rabkin & Schwartz, attorneys; Mr. Rabkin, on the brief).
Frank H. Wisniewski argued the cause for respondent (Blank, Rome, Comisky & McCauley, attorneys; Mr. Wisniewski and James Alan Kozachek on the brief).
The opinion of the court was delivered by BRODY, P.J.A.D.
We hold that a contract creditor of a partnership may in a single action sue the partnership and its general partners for the debt. Judgment for a sum certain, which shall be deemed final, may be entered only against the partnership. Initially, judgment against the partners shall be limited to liability only, and shall not be entered as a final judgment for a sum certain until there is proof that the partnership cannot satisfy the judgment.
Plaintiff brought this action for the balance due on a note it holds that was made by defendant Maxlar Partners, a partnership. The other defendants are Maxlar's general partners, all of whom but Max Odlen have filed for bankruptcy. Odlen appeals from a judgment in the amount of $800,274.72 that was entered without opposition against Maxlar, him and another partner who later filed for bankruptcy. The trial court had previously denied Odlen's *335 motion to strike the complaint, rejecting his argument that the complaint failed to state a claim upon which relief may be granted against him because plaintiff did not allege that the note was uncollectible from the partnership. Plaintiff had successfully argued on the motion that a general partner is liable for a partnership's contract debt even in the absence of proof that the debt cannot be collected from the partnership.
We begin with the Uniform Partnership Act (UPA), adopted by our Legislature as the Uniform Partnership Law, N.J.S.A. 42:1-1 to -43. The section dealing with the liability of partners, N.J.S.A. 42:1-15, reads as follows:
All partners are liable:
a. Jointly and severally for everything chargeable to the partnership under sections 42:1-13 [partnership bound by partner's wrongful act] and 42:1-14 [partnership bound by partner's breach of trust] of this title.
b. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract. [Emphasis added.]
A promissory note is evidence of one of the "other debts and obligations of the partnership" for which a partner is liable jointly and not jointly and severally. La Mar-Gate, Inc. v. Spitz, 252 N.J. Super. 303, 308, 599 A.2d 928 (App.Div. 1991).
The distinction between "joint and several" liability and "joint" liability in the present context has not been treated in any reported New Jersey opinion, but it has in other jurisdictions that have adopted the UPA. We must regard those cases as authority. "This chapter shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it." N.J.S.A. 42:1-4.4.
The Alabama legislature modified the UPA by rendering partners jointly and severally liable for all partnership debts. In explaining the effect of that modification its Supreme Court said:
The major impact of making partners not merely jointly liable but also severally liable is that if a creditor chooses to bring an action against one of the partners, that partner is liable for all of the partnership debts, regardless of whether the creditor first attempted to recover the debt from the partnership or prove that the partnership had no assets.... The individual liability associated with partners *336 that are jointly liable is not separate and distinct from the liability of all the partners jointly. Rather, the individual liability arises only after it has been shown that the partnership assets are inadequate. No direct cause of action may be maintained against the individual partners until the above condition is met.
Head v. Henry Tyler Const. Corp., 539 So.2d 196, 199 (Ala. 1988). Although the Arizona legislature also modified the UPA to render partners liable jointly and severally for their partnership's contract debts, its Supreme Court recognized that the UPA preserved the common law rule by requiring a partnership contract creditor to exhaust partnership assets before resorting to a partner's assets:
If a partnership's debt is contractual in nature, common law required creditors to resort to and exhaust partnership assets before reaching the partners' individual assets. At common law, a partner is only jointly liable for the partnership's contractual debts ... As adopted in most states, the Uniform Partnership Act (UPA) preserves this common law rule.
Catalina Mortg. Co., Inc. v. Monier, 166 Ariz. 71, 800 P.2d 574, 575 (1990) (citations omitted).
The Utah legislature, as did ours, adopted the UPA provision without modification. Its Supreme Court held that Utah's counterpart to N.J.S.A. 42:1-15 required a contract creditor of a partnership to exhaust partnership assets before resorting to the assets of partners. McCune & McCune v. Mountain Bell Tel., 758 P.2d 914 (Utah 1988). Cases in other states have arrived at the same result. E.g. Commonwealth Capital Inv. Corp. v. McElmurry, 102 Mich. App. 536, 302 N.W.2d 222, 225 (1980); Diamond Nat. Corp. v. Thunderbird Hotel, Inc., 85 Nev. 271, 454 P.2d 13, 15 (1969); Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis, 849 F.2d 264, 271 (7th Cir.1988) (construing Illinois law).
Thus N.J.S.A. 42:1-15 draws a distinction generally between tort creditors and contract creditors of a partnership. Tort creditors may proceed against partners, who are jointly and severally liable, without first proceeding against the partnership; contract creditors may not proceed against partners, who are jointly liable, until after exhausting partnership assets. The distinction may be explained, if not entirely justified, by the opportunity contract creditors have to require as part of the contract that *337 partners waive their right to insist that the creditor exhaust partnership assets before resorting to partner assets, an opportunity not available to tort creditors.
Plaintiff argues that creditors commonly extend credit to partnerships without personal guarantors because they expect that partners, unlike stockholders, are primarily liable for partnership debts. That expectation is not quite the law in New Jersey. The Act places partners in a position more vulnerable than stockholders but less vulnerable than guarantors of payment. Partners are liable for partnership contract debts, but their assets are not at risk until it is shown that the partnership cannot discharge the debt. Partners are therefore like guarantors of collection as distinguished from guarantors of payment.
That distinction is recognized in the Uniform Commercial Code. N.J.S.A. 12A:3-416 provides in relevant part:
(1) "Payment guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party.
(2) "Collection guaranteed" or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor, but only after the holder has reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him.
Analogizing the liability of partners for partnership contract debts to the liability of a guarantor of collection suggests that the creditor of a partnership should proceed against the partners the same way that the creditor of a debtor must proceed against the guarantor of collection: first obtain judgment against the partnership, unless attempting to do so is demonstrably futile, and thereafter proceed against partners only if the judgment is not satisfied.
The single controversy doctrine requires that a creditor who intends to look to partners for payment of a partnership contract debt initially sue not only the partnership but also all the partners. See La Mar-Gate, supra, 252 N.J. Super. 303, 599 A.2d *338 928. The creditor should assert in the complaint the claims against the partners that would accrue if the partnership is unable to discharge the debt. Judgment may then be entered against the partnership in the amount due, which shall be deemed a final judgment, see R. 4:42-2, and entered against the partners as to liability only. That would protect the partners from having the judgment executed against their assets, see Newstead Bldrs., Inc. v. First Merch. Nat'l Bank, 146 N.J. Super. 295, 369 A.2d 951 (App.Div. 1977) (judgment not a lien unless final and for sum certain), and at the same time protect the creditor by establishing the liability of the partners. If necessary the court could later amend the judgment against the partners to a final judgment for a sum certain upon proof that the partnership cannot satisfy the judgment against it.[1]
*339 The judgment against Maxlar Partners is affirmed. The matter is remanded so that the trial judge may modify the judgment against Max Odlen to eliminate the sum certain, subject to its being further amended as a final judgment for a sum certain consistent with this opinion.
NOTES
[1] The Legislature adopted the Uniform Partnership Act in 1919. L. 1919, c. 212, § 1 et seq. Our approach in this opinion is generally consistent with Section 307(d) of the 1992 revision of the Uniform Partnership Act. Section 306 of the revision eliminates the distinction between joint and several liability of partners for tort partnership debts and joint liability of partners for contract partnership debts. It provides that "[a]ll partners are liable jointly and severally for all obligations of the partnership unless otherwise agreed by the claimant or provided by law." However, Section 307(d) of the revision protects partners from the unbridled execution of judgments against them as follows:

(d) A judgment creditor of a partner may not levy execution against the assets of the partner to satisfy a judgment based on a claim against the partnership unless:
(1) a judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or in part;
(2) an involuntary case under Title 11 of the United States Code has been commenced against the partnership and has not been dismissed within 60 days after commencement, or the partnership has commenced a voluntary case under Title 11 of the United States Code and the case has not been dismissed;
(3) the partner has agreed that the creditor need not exhaust partnership assets;
(4) a court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable powers; or
(5) liability is imposed on the partner by law or contract independent of the existence of the partnership.