756 A.2d 605

MIDSTATES RESOURCES CORP., A CORPORATION, PLAINTIFF–RESPONDENT,[1] v. BURGESS AND FENMORE, A NEW JERSEY GENERAL PARTNERSHIP; ARTHUR W. BURGESS, DEFENDANTS–APPELLANTS, AND PAUL F. FENMORE, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Submitted July 5, 2000—Decided July 18, 2000.

---

[1] By order dated July 8, 1997, Midstates Resources Corp., as assignee of Summit Bank, was "substituted as the plaintiff" and all pleadings were deemed "amended to substitute Midstates Resources Corp. in the place and stead of the original plaintiff [Summit Bank]."

532

Before Judges STERN and KIMMELMAN.

*Lum, Danzis, Drasco, Positan & Kleinberg*, attorneys for appellants (*Paul A. Sandars*, of counsel and on the brief).

*Lasky and Cohen*, attorneys for respondent (*Martin J. Cohen*, of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Defendants Burgess and Fenmore ("B & F"), a partnership, and Arthur W. Burgess (hereinafter "defendants") appeal from an order entered on December 18, 1998, granting judgment against them to plaintiff in the amount of $178,930.65.[2] The order has been certified as final, and there is no contest as to the order's appealability.

On October 27, 1995, B & F executed a "Commercial Loan Note" with Summit Bank and obtained a $125,000 loan to be drawn down over several months. The note, signed by both Burgess and co-defendant Paul F. Fenmore on behalf of B & F, was due in full on April 30, 1996.[3] Both Burgess and Fenmore

---

[2] The judgment includes the amount of interest and late fees allowed by the note executed by defendants. Defendants suggest they also appeal from the denial of their motion for reconsideration, but that motion and order are not in the record and the Notice of Appeal has not been amended to include that order. The Notice of Appeal and amended Notice of Appeal refer only to Arthur W. Burgess as the appellant. However, as plaintiff's and defendants' briefs also consider the partnership as an appellant, we do the same. We bypass the question raised below by co-defendant Fenmore, but not before us, as to Burgess' right to represent the partnership.

[3] The loan was drawn down between October 31, 1995 and May 6, 1996, and there is a dispute between Burgess and Fenmore whether the portion taken by virtue of the post-April 30, 1996 extension of credit was in essence a new loan to Burgess and whether Fenmore is obligated for same. Fenmore also contests his authorization for portions of the "withdrawals from the line of credit" before then. Significantly, in response to the motion for summary judgment, appellants stated that "Defendants, Arthur W. Burgess and the Partnership of Burgess and

also signed separate instruments dated October 27, 1995, in which they personally guaranteed repayment of the loan. Each "Guaranty" provided:

> The Guarantor hereby unconditionally guarantees to the Bank the prompt payment, when due, whether by acceleration or otherwise, of all present or future obligations or liabilities of any and all kinds of the Borrower to the Bank, whether now existing or hereafter arising, secured or unsecured, absolute or contingent, together with all modifications, extensions or renewals thereof. This Guaranty shall cover obligations and liabilities incurred by the Borrower in any capacity (including as maker, endorser, guarantor, accommodation party or otherwise) and shall also include the amount of any payment made by the Borrower to the Bank which payment is rescinded or must otherwise be returned by the Bank upon the insolvency or bankruptcy of the Borrower. Such obligations and liabilities, together with interest on the unpaid principal balance thereof at the rate provided therefore, and all fees, costs, expenses, and attorneys' fees and other costs of collection incurred or paid by the Bank in connection therewith are together referred to in this Guaranty as the "Indebtedness"....

Each guaranty also provided in pertinent part:

> Section 3. Waiver. The Guarantor hereby waives presentment, demand, diligence, notice of acceptance and any other notice with respect to any of the Indebtedness and/or this Guaranty and any requirement that the Bank exhaust any right or take any action against the Borrower or any other person or entity or any collateral.
>
> . . .
>
> Section 12. Other Guarantors. The Guarantor shall be jointly and severally liable hereunder with all other guarantors of the Indebtedness, and this Guaranty shall not be impaired or affected in any way as to the Guarantor by any termination, revocation, release, modification, discharge or substitution of collateral or changes as to any or all of the liabilities or undertakings of any other guarantor.

There is no dispute that the partnership failed to repay the loan. Plaintiff claimed that, as of December 1998, the principal balance was still $125,000.14, plus interest, late charges and counsel fees.

■ On appeal, defendants argue that Burgess should not be liable for the face value of the note, but only for the discounted value that plaintiff paid for it; that Burgess should not be held individually liable for the note because he is already liable as a

---

Fenmore admit that *all defendants,* including Paul F. Fenmore, have failed to pay the balance due." Fenmore's defenses to the plaintiff's action and defendants' cross-claim are not before us.

partner; and that, in the alternative, Fenmore should be named individually in the damages judgment. Contrary to defendants' contention, the fact that Fenmore failed to pay his share of the obligation (whatever that turns out to be) does not affect Burgess' obligation under his guaranty. Nor does the fact that plaintiff did not endeavor to enter a money judgment against Fenmore. *See Seventy–Three Land, Inc. v. Maxlar Partners,* 270 *N.J.Super.* 332, 334, 337–38, 637 *A.*2d 202 (App.Div.1994). The obligation of each guarantor was joint and several, and Fenmore's obligation to Burgess remains to be litigated by the pending cross-claim. *See La Mar–Gate, Inc. v. Spitz,* 252 *N.J.Super.* 303, 311, 599 *A.*2d 928 (App.Div.1991). Fenmore's liability, if any, does not affect plaintiff's rights against these defendants, and defendants' obligation need not await entry of judgment with respect to Fenmore. Defendants have not contested the certification of finality before the trial court or us. In fact, they obtained the "Order Certifying Order Dated December 18, 199[8] As Final For Purposes Of [perfecting the] Appeal." *See Seventy–Three Land, supra,* 270 *N.J.Super.* at 338, 637 *A.*2d 202.

We reject Burgess' argument that plaintiff's losses "must be capped at the amount at which it purchased the Note" from Summit Bank because Summit Bank failed to negotiate with Burgess in good faith to sell the note at the same discount for which it sold the note to plaintiff, or because plaintiff would obtain a "windfall" by collecting more than it paid for the note. *R.* 2:11–3(e)(1)(E). Defendants' only contract with the bank was to borrow money and repay the note as provided therein. The bank had no obligation to negotiate a discount with defendants. Such a notion proposed by defendants would only encourage non-payment of indebtedness.

Summit Bank was clearly within its rights to assign the note to plaintiff, as the assignment did not change, materially or otherwise, the obligation of defendants. *See Owen v. CNA Ins./ Continental Cas. Co.,* 330 *N.J.Super.* 608, 619–20, 750 *A.*2d 211 (App.Div.2000). *See also Aronsohn v. Mandara,* 98 *N.J.* 92, 99,

484 *A.*2d 675 (1984) (noting that rights for breach of contract are ordinarily assignable). Indeed, the assignee of a note has a right to be paid what is due from the obligor once the obligor receives notice of the assignment. *Spilka v. South Am. Managers, Inc.,* 54 *N.J.* 452, 462, 255 *A.*2d 755 (1969). Furthermore, the amount an assignee pays for a defaulted note "has no relevancy to the obligation of the makers of the note to pay the unpaid balance in accordance with the terms of the instrument." *Metric Investment, Inc. v. Kerner,* 145 *N.J.Super.* 463, 465, 368 *A.*2d 379 (App.Div.1976).

 We agree with defendants that, generally, a partnership and its partners should be joined in a single action, *Seventy–Three Land, Inc., supra,* at 334, 337, 637 *A.*2d 202, and that "final judgment for a sum certain" cannot be entered on a debt against a partner individually unless the "partnership cannot satisfy the judgment." *Seventy–Three Land, Inc., supra,* 270 *N.J.Super.* at 334, 338, 637 *A.*2d 202. However, in certain circumstances, as here, where the judgment was entered against Burgess individually because of his personal guaranty, which waives the lender's obligation to first proceed against the borrower and makes the individual guarantors "jointly and severally liable" for the debt, a creditor may proceed against the guarantor (even if he is a partner) without first exhausting any obligation the creditor may have to proceed against the partnership. *Cf. Seventy–Three Land, supra,* at 336–37, 637 *A.*2d 202. *See also N.J.S.A.* 42:1–15(b) (regarding a partner's separate obligation).

Accordingly, the judgment is affirmed.