HELMER *v.* DEARBORN NATIONAL INSURANCE COMPANY.

1. TRIAL—REOPENING CASE—DISCRETION OF COURT.
   While it is within the discretion of the court to permit the plaintiff to reopen the case and introduce further direct testimony after both parties have rested and defendant had moved for a directed verdict the practice is not approved and the denial of such permission would not constitute an abuse of discretion especially where it is not shown that the witness had been subpoenaed or was immediately available and counsel did not advise the court as to what he expected to prove by the witness.

2. INSURANCE—PROOF OF LOSS—WAIVER—EVIDENCE.

Under policy insuring "against all risks of loss of or damage to" certain oriental rugs and requiring insured to file sworn proof of loss within 90 days from date of loss, where uncontradicted testimony shows insured failed to file a proof of loss within such time and evidence is insufficient to establish a waiver thereof, the trial court was justified in granting insurer's motion for directed verdict in action of assumpsit.

3. SAME—PROOF OF LOSS—WAIVER.

A failure to furnish proofs of loss within the time required by an insurance policy bars an action thereon, unless waived, where the policy further provides that such failure shall work a forfeiture of such right of action.

4. TRIAL—INSTRUCTIONS—DIRECTED VERDICT.

It was not prejudicial error for a court to omit to instruct jury as to the applicable law when a verdict was directed of no cause of action (Court Rule No. 37, § 9 [1945]).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 16, 1947. (Docket No. 20, Calendar No. 43,808.) Decided January 5, 1948.

Assumpsit by Charles Helmer against Dearborn National Insurance Company on an insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Benjamin E. Cueny,* for plaintiff.

*Robert P. Scholte,* for defendant.

NORTH, J. Defendant, Dearborn National Insurance Company, issued its policy of insurance to plaintiff, insuring him (with specified exceptions not herein material) "against all risks of loss of or damage to" certain oriental rugs owned by plaintiff. Plaintiff brought suit on this policy claiming that the oriental rugs had been damaged within the terms

of the policy. Defendant answered and a trial by jury was had. At the close of plaintiff's proof and after plaintiff had rested his case, defendant's counsel stated to the court: "We rest. If the court please, I would like to make a motion." Thereupon the court directed the jury to retire and wait until called. After the jury retired plaintiff's counsel stated to the court "I will ask permission to reopen the case to call a witness, Mr. Mullian, who is supposed to be here, and I will ask for permission to reopen it." Defendant's counsel objected to reopening the case, "because I have made request to make a motion to be heard now." Plaintiff's request to reopen the case was denied; and after hearing defendant's motion the trial court said:

"My considered judgment is that the plaintiff has failed to sustain the elements that it is necessary for him to sustain in his proofs, and that the court is compelled to grant the motion that has been made, and to direct that a verdict of no cause of action be entered upon the record, and it may be so entered. * * * The jury may be discharged from further consideration of this case."

On this appeal by plaintiff he contends the trial judge erred in that he abused his discretion by refusing plaintiff's request to reopen the case. Under the circumstances of this case plaintiff's contention is not tenable. As noted above, this request came after both plaintiff and defendant had rested and defendant had announced its intention to make a motion for a directed verdict and the jury had retired.

"After the evidence on both sides was closed, the defendant offered a witness to be sworn, but under no claim of right. This the court refused. *Held*, that, Whether the evidence of the witness should have been admitted or not, at that stage of the case,

was a question of discretion, on which the decision of the court was final." *Detroit & Milwaukee R. Co. v. Van Steinburg* (syllabus), 17 Mich. 99.

"It is within the discretion of the court to permit the plaintiff to reopen the case and introduce further direct testimony after the defendant has rested, although the practice is not approved." *Minkley* v. *Township of Springwells* (syllabus), 113 Mich. 347.

As bearing upon the contention that the trial judge was guilty of an abuse of discretion it may be noted that plaintiff's counsel did not inform the court as to why the witness had not been called before plaintiff rested, that counsel merely stated the witness Mullian "is supposed to be here" without any assurance that the witness had been subpoenaed or was immediately available, that counsel did not advise the court as to what he expected to prove by the witness. And we may add that if the testimony of this witness had been taken, it fairly appears from the record that it would not have had any bearing upon the issue on which our decision herein turns. Under such circumstances no abuse of discretion is disclosed by the record.

Among the reasons assigned in support of defendant's motion for a directed verdict was plaintiff's "failure to file proof of loss within the 90-day period which (is) a prerequisite to any insurance policy. They have given no proof they filed one, nor have they given any proof it was waived in this case." The policy in suit contained the following provisions:

"The assured shall immediately report to the company, or the agent who shall have issued this policy, every loss or damage which may become a claim under the policy, *and shall also file with the company or its agent within 90 days from date of loss, a detailed*

*sworn proof of loss.* Failure by the assured  \*   \*   \*
to file such sworn proof of loss as hereinbefore provided, shall invalidate any claim under this policy.
\*   \*   \* .

"This policy is made and accepted subject to (the following)  \* .  \*   \*  no officer, agent or other representative of this company shall have . power to waive or be deemed to have waived any provision or condition of this policy unless such waiver, if any, shall be written upon or attached hereto."

The uncontradicted record is that plaintiff did not within the specified 90 days or at any other time file or serve the required "detailed sworn proof of loss.' As will shortly be noted, there was no testimony tending to prove waiver of this requirement. Under such circumstances plaintiff's failure to make . and serve a detailed sworn proof of loss as required by his policy barred his right to recover, and justified granting defendant's motion for a directed verdict.

"A failure to furnish proofs of loss within the time required by an insurance policy bars an action . thereon, unless waived, where the policy further provides that such failure shall work a forfeiture of such right of action." *Gould* v. *Dwelling-House Insurance Co.* (syllabus), 90 Mich. 302. .

In *Fenton* v. *National Fire Insurance Co.,* 235 Mich. 147, we said: "The failure to furnish proof of loss within the time provided in the policy is fatal to plaintiff's claim." See, also, *Law* v. *New England Mutual Accident Association,* 94 Mich. 266 and *Peck* v. *National Liberty Insurance Co.,* 224 Mich. 385.

We are not in accord with appellant's contention that testimony was submitted tending to support his claim of waiver. "The burden of proving a waiver of the proofs of loss is on the plaintiff." *Struble* v.

*National Liberty Ins. Co.,* 252 Mich. 566. The only testimony in the record bearing on this issue in substance is this. In a conversation with one of defendant's adjusters, probably within the 90-day period, the adjuster admitted defendant's liability but in a smaller amount than plaintiff demanded; and regarding this conversation plaintiff testified as follows:

"*Q.* Did you have any conversation with him at that time about a proof of claim?

"*A.* Yes, I asked him if it was necessary. * * * He said he didn't know in as much as they had sent Mr. Koch up there to note the damage, and he knew the facts.

"*Q.* Did he say he 'knew the facts,' did he say that or—

"*A.* That was my own words, that he knew the facts, that was my own words.

"*Q.* He didn't say that to you.

"*A.* Not in those words; he did say; he conveyed that to me, yes, that they knew the whole set-up.

"*Q.* And what did you say?

"*A.* I said 'all right.'"

Surely, even if defendant were to be considered bound by a remark of its adjuster, still when, upon being asked "if it was necessary" to make proof of loss, the adjuster responded "he didn't know," plaintiff could not have been misled nor was he justified in assuming that in consequence of this casual remark the policy requirement of making sworn proof of loss was waived. Especially is this true since plaintiff's policy expressly provided that there could be no waiver of its conditions, "unless such waiver, if any, shall be written upon or attached" to the policy.

In appellant's brief the following question is presented:

"In a jury trial may a judgment of no cause of action be entered where the court merely directs that a verdict of no cause of action be entered on the record and discharges the jury *without instructing the jury as to the law and without the jury having brought any verdict?*"

In presenting this phase of the appeal appellant quotes Michigan Court Rule No. 37, § 9 (1945). This rule provision is that: "The court shall instruct the jury as to the law applicable to the case whenever a verdict is to be rendered, et cetera." Relative to the rule provisions, appellant in his brief "maintains that the court did not instruct the jury as required by the court rules. That the jury did not bring a verdict." Clearly the provisions of the rule are intended to apply to a case wherein controverted issues of fact are to be submitted to a jury. It developed that the instant case was not a case of that character, and hence literal compliance with the rule provisions was not mandatory. Even if it be assumed that there was some departure from strictly regular procedure by not actually requiring the jury to render a verdict in accordance with the court's instructions, still plaintiff was not prejudiced thereby, and reversal for that reason would not be justified.

In view of our decision hereinbefore indicated it is not requisite that consideration be given herein to other issues discussed in appellant's brief. Ultimate decision would not be affected thereby. The judgment entered in the circuit court is affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Boyles, Reid, Dethmers, Butzel, and Carr, JJ., concurred.