COBURN *v.* GOLDBERG.

1. AUTOMOBILES—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.
    Where the testimony of witnesses as to how an accident occurred and as to what the participants did preceding the collision differs, the credibility of the witnesses is for the jury.

2. SAME—TAXICABS—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE.
    Under plaintiff's evidence as to operation of taxicab in her action against operator and owner of taxicab in which she was a passenger for hire and owner and operator of car with which taxicab collided on a 1-way street, which testimony was corroborated in many respects by one witness but disputed by defendant taxicab operator, the jury was warranted in finding such defendant guilty of negligence proximately causing the accident.

3. TRIAL—EXCLUSION OF WITNESSES FROM COURTROOM—DISCRETION OF COURT.
    In civil cases the exclusion of witnesses from the courtroom during trial rests in the sound discretion of the court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles, § 671.
[3, 4] 53 Am Jur, Trial, § 31.
[6, 8] 53 Am Jur, Trial, §§ 552, 566, 567.
[7] 53 Am Jur, Trial, §§ 46, 116, 936, 939.

4. SAME—EXCLUSION OF WITNESSES FROM COURTROOM—DISCRETION OF COURT—SHOWING OF PREJUDICE.

Where defendants in automobile accident case do not show in what manner they were prejudiced by the fact that plaintiff's first witness heard counsels' opening statements, permitting such witness to testify did not constitute an abuse of discretion or reversible error, notwithstanding defense counsel had requested that all witnesses be excluded from the courtroom and they were excluded before jury was impaneled.

5. AUTOMOBILES—INSTRUCTIONS—APPORTIONMENT OF DAMAGES.

In accident case brought by taxicab passenger against operator and owner thereof and owner and operator of car with which it collided, in which court clearly instructed jury that jury was not to concern itself "as to the percentage of negligence of the respective parties.  *  *  *  If you decide that the judgment is to run against all the defendants it must be in one figure," jury's finding that all defendants were guilty of negligence and assessing "the following judgment against them equally, $7,509.35," did not constitute an apportionment of damages, the term "equally" being treated as a mere inadvertence and surplusage.

6. SAME—INSTRUCTIONS—ARGUMENTATIVENESS—OVEREMPHASIS.

In accident case against taxicab owner and operator and owner and operator of car which collided therewith, examination of entire charge *held*, to disclose it was not argumentative nor to have unduly emphasized the claims of one party as against those of the other.

7. TRIAL—ORDER OF PROOFS—RECALLING WITNESSES—DISCRETION OF COURT.

The order of admitting proofs and the recalling of witnesses are matters which rest within the discretion of the trial court.

8. DAMAGES—LOSS OF EARNINGS—PAIN AND SUFFERING.

Where it appears that plaintiff's out-of-pocket damages exceeded $1,100 and loss of earnings, up to time of trial, amounted to $4,300 and there is testimony as to past, present and future pain, suffering and disability and prospective loss of earnings, verdict of $7,500 was not excessive nor an adverse reflection of claimed overemphasis of the extent of plaintiff's injuries.

Appeal from Wayne; Neuenfelt (Lila .M.), J. Submitted October 7, 1949. (Docket No. 53, Calendar No. 44,437.) Decided December 7, 1949. Rehearing denied February 28, 1950.

Case by Leola Coburn against Marion Goldberg and others for personal injuries sustained when the taxicab in which she was riding collided with the Goldberg automobile.   Verdict and judgment for plaintiff.   Defendants Hollis and Cranak appeal. Affirmed.

*Buckingham, Piggins & Rehn* (*Thomas L. Thomson,* of counsel), for plaintiff.

*Edward N. Barnard,* for defendants Hollis and Cranak.

Dethmers, J.   Plaintiff was riding as a passenger for hire in a taxicab driven by defendant Hollis and owned by defendant Cranak.   The cab was proceeding north on a 6-lane 1-way street restricted by ordinance to northbound traffic.   Defendant Marion Goldberg drove an automobile owned by her husband, Marvin Goldberg, south on said street.   The vehicles collided, injuring plaintiff.   She sued and obtained judgment against the 4 defendants.   Hollis and Cranak appeal.

Plaintiff testified that she first saw the Goldberg car coming the wrong direction about one and one-half blocks distant; that she called Hollis' attention to it; that there were no other cars ahead of the cab between it and the Goldberg car at any time from then on until the instant of the impact; that her cab was going north just west of the center of the street with no cars immediately to the east of it and that the Goldberg car was going south in the second lane east from the west curb, being 1 lane to the west of that in which her cab was proceeding; that as the 2 vehicles approached each other the cab angled to the left, or west, toward the Goldberg car, which continued due south until the time of impact; that when the 2 vehicles were 2 or 3 car lengths apart she

"hollered" to Hollis "look out, we're going to hit;" that Hollis then swerved the cab, first to the right and then to the left, driving it at an angle toward the west curb and directly into the Goldberg car. Hollis testified that he was driving the cab north directly behind another automobile which suddenly darted to the right leaving him confronted with the oncoming Goldberg car about halfway in Hollis' lane and halfway in the lane to the west thereof and about 3 car lengths distant; that he did not have time to turn left to avoid the accident and that he could not turn right to the east because there was a car alongside of him on the right; that the accident happened at night while it was drizzling and visibility was impaired; that plaintiff never uttered a word of warning to him before the accident.

Defendants contend that plaintiff's version of how the accident happened is unreasonable; that Hollis' version is reasonable and that the verdict is, therefore, contrary to the great weight of the evidence. Credibility of the witnesses was for the jury. The record does not disclose any apparent lack of truthfulness on plaintiff's part. Her testimony, corroborated in many respects by another witness but in some respects disputed by Hollis, raised a jury question as to how and why the accident occurred. Under her version a finding by the jury that defendant Hollis was guilty of negligence, which was a proximate cause of the accident, was clearly warranted. We cannot say that the verdict for plaintiff was contrary to the great weight of the evidence merely because it would have been unreasonable for defendant Hollis to have acted in the manner in which plaintiff testified that he did. The jury apparently believed plaintiff's testimony and that Hollis did act unreasonably and negligently.

Before the jury was impaneled counsel for the defense moved that all witnesses be excluded from

the courtroom and they were excluded. Plaintiff's first witness was present in the courtroom while respective counsel made their opening statements to the jury but not while any other witnesses testified. The defendants objected on that account to permitting the witness to testify and assigned as error the court's allowing him to do so.

"1. In civil cases the exclusion of witnesses from the courtroom during trial rests in the sound discretion of the trial court. *Johnston* v. *Farmers' Fire Insurance Co.*, 106 Mich 96; *McIntosh* v. *McIntosh*, 79 Mich 198; 2 Shinn on Pleading and Practice, p 39." *Harrison* v. *Green*, 157 Mich 690.

Defendants do not show in what manner they were prejudiced by the fact that the witness heard counsels' opening statements. Allowing him to testify did not constitute an abuse of discretion or reversible error.

Defendants urge that the verdict is not valid because the jury attempted to apportion damages. The record contains the following:

"The jury finds defendant Henry Hollis and Ray Cranak with Marion and Marvin Goldberg guilty of negligence and assess the following judgment against them equally, $7,509.35."

The court instructed the jury:

"I instruct you that if you find from a preponderance of the evidence in this case that the collision resulted, in part, from the negligence of the driver of the cab in which plaintiff was riding and in part from the negligence of defendant, Marion Goldberg, you are not to concern yourselves as to the percentage of negligence of the respective parties. * * * If you decide that the judgment is to run against all the defendants it must be in one figure.

"Your verdict in this case can be a judgment in the figure you determine in favor of the plaintiff against all the defendants."

Instructions of the court clearly advised the jury as to their duty in this regard and it does not appear from their verdict that they failed to understand that duty. Read as a whole, the verdict discloses no intent or purpose to apportion liability between the defendants. The word "equally" seems to us nothing more than a mere inadvertence which should be treated as surplusage. *Robertson & Wilson Scale & Supply Co.* v. *Richman,* 212 Mich 334.

Finally, it is defendants' contention that the court's recital, in its charge, of the testimony pertaining to damages was prejudicially argumentative; that the court erred in allowing plaintiff to be recalled as a witness and to repeat details of her injuries and to exhibit her injured leg to the jury after plaintiff's medical testimony had been completed and departure of the medical witnesses. Examination of the entire charge impresses us that it was not argumentative, nor did it unduly emphasize the claims of one party as against those of the other. The order of admitting proofs and the recalling of witnesses are matters which rest within the discretion of the trial court. It does not appear from the record that plaintiff was permitted to overemphasize the extent of her injuries, nor that the defense sought to have the medical witnesses recalled after plaintiff's exhibition of her injured leg. Neither does it appear that defendants were prejudiced by any of these considerations or that the size of the verdict was affected thereby. Plaintiff's out-of-pocket damages exceeded $1,100 and her loss of earnings, up to time of trial, amounted to $4,300. The testimony supported her claims of past, present and future pain, suffering and disability and, also, a prospective loss of earnings in the

future.   Accordingly, the verdict of $7,500 cannot be said to be excessive or to reflect any adverse effects occasioned by the factors as to which defendants assign error in this connection.

Judgment affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.