### OSGERBY v. TUSCOLA CIRCUIT JUDGE.

1. TRIAL—PRETRIAL—SEPARATION OF ISSUES—FRAUD—NEGLIGENCE.
   Pretrial order separating issue of fraud from issues of negligence liability and damages in consolidated actions against insurer of village for fraud on part of such insurer in misrepresentations regarding settlement of personal injury claim they had had against village until after expiration of 2-year period to which such right of action was limited is ordered vacated (GCR 1963, 505.2).

2. COSTS—MANDAMUS—SEPARATION OF ISSUES.
   No costs are allowed in mandamus proceeding to vacate order separating issue of fraud from issues of negligence liability and damages in actions against insurer of village for fraud in representations respecting settlement of personal injury claims against village.
   DETHMERS, KELLY, and O'HARA, JJ., dissenting.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 53, 54.
[2] 35 Am Jur, Mandamus § 393.

Original mandamus by Mary Osgerby and Clare Osgerby against Timothy C. Quinn, Circuit Judge for the County of Tuscola, to compel vacation of order in companion cases requiring separation of issues of fraud, liability, and damages and directing trial of issues determinative of liability prior to issue in respect to damages. Submitted October 9, 1963. (Calendar Nos. 11, 12, Docket Nos. 50,052, 50,053.) Writ granted June 1, 1964.

*Peter F. Cicinelli* and *Eugene D. Mossner,* for plaintiffs.

*Smith, Brooker & Harvey (Carl H. Smith, Sr.,* of counsel), for defendant.

SOURIS, J. By this original mandamus action, as in *Peasley* v. *Lapeer Circuit Judge,* 373 Mich 222, plaintiffs seek our condemnation of an order for the separation of issues for separate submission to and decision by a jury.

The plaintiffs here were plaintiffs below in consolidated actions against Michigan Mutual Liability Company for fraud and deceit. The basis of their actions was that the insurance company made fraudulent representations regarding the settlement of a personal injury claim they had against the village of Caro, insured by the defendant company; that relying upon such misrepresentations, the plaintiffs forbore from instituting suit against the village until after the expiration of the 2-year limitations period (CL 1948, § 242.8 [Stat Ann 1958 Rev § 9.598]); and that thereupon defendant company rejected plaintiffs' claim on the ground of contributory negligence and expiration of the limitations period of the statute. The defendant company in the tort actions moved for their dismissal principally on the

ground that the suit in fraud and deceit was premature because plaintiffs had never instituted suit against the village and that until the village interposed the defense of the passage of the statutory limitations period in such a lawsuit plaintiffs could not assert they were damaged in any way by any of defendant company's representations.

Judge Quinn agreed that a tort action against the village and assertion by the village of the statutory bar in such suit were prerequisites to plaintiffs' actions for fraud and deceit and he therefore concluded that the motions to dismiss should be granted. However, in a very unusual provision in his opinion, Judge Quinn gave the *defendant company* an election between outright dismissal, as it had requested, or continuation to jury decision, the fraud and deceit issues to be submitted for special verdict by the jury separate and apart from the issues of the village's negligence and plaintiffs' damages, these latter issues to be submitted to the jury only in the event that plaintiffs first prevail on the issue of fraud and deceit! Even more unusual was the defendant company's election to forego the complete victory of dismissal it had won and to run the risk of litigation in the procedural fashion specified by the judge! We entered our order to show cause on plaintiffs' petition for writ of mandamus, having shortly before issued a like order in *Peasley* v. *Lapeer Circuit Judge, supra.*

Judge Quinn's conclusion that plaintiffs' actions in fraud and deceit were premature and, therefore, should be dismissed was wrong. Although the right to assert in bar a general statute of limitations may be lost by waiver or by fraudulent conduct, where the statute creating a cause of action contains within it a limitation of time within which the action may be brought, such cause of action is forever barred unless brought before expiration of the time limited.

The law on this subject was succinctly stated in *Bement* v. *Grand Rapids & Indiana R. Co.*, 194 Mich 64 at 68 (LRA 1917E, 322), and last quoted with our approval in *Hughes* v. *City of Detroit*, 336 Mich 457, 463:

"A positive distinction seems to be made between cases in which the limitation of time for bringing suit is contained in the statute which creates the liability and right of action and general statutes of limitations of the rights of action existing under other statutes or under the common law. In the former the limitation of time is a limitation of the right, and, as has been said, the suit cannot be maintained if not brought within the time limited. In the latter the limitation of time for bringing suit is a limitation of the remedy only, and it has been held that under such general statutes of limitation the defendant may be estopped from the benefit of the statute by an agreement waiving it, or by concealment or by fraud. The statute here in question creates a new liability, and takes away defenses formerly available, and the right of action therein created is conditioned upon its enforcement within a prescribed period. The action not having been brought within such period designated by the statute, it is lost, and the trial court ruled correctly in so holding."

Thus, were we here concerned only with a general statute of limitations, like CLS 1961, § 600.5807 (Stat Ann 1962 Rev § 27A.5807), the defendant company's alleged fraud in behalf of the village might have resulted in the village's loss of the benefit of the limitational bar, or the village may have waived its benefit, thus relieving plaintiffs of any direct damage for which suit in fraud and deceit against defendant company would lie. However, if plaintiffs have or ever had any right of recovery against the

village, it was by virtue of CL 1948, § 242.8,* which contains within its terms a 2-year limitational period for bringing suits and, thus, on the authority of the *Bement Case,* failure of plaintiffs to sue within that period, for whatever cause, bars such action now. If plaintiffs were fraudulently induced by defendant company to forego commencement of suits against the village within the 2-year period, they may maintain their actions for fraud and deceit. That brings us to the order for the separation of issues for trial.

As in *Peasley* v. *Lapeer Circuit Judge, supra,* this record discloses no reason of convenience nor of avoidance of prejudice so compelling that plaintiffs' counsel, over objection, may be compelled to try his lawsuits by an order of proof dictated by the trial judge. While recognizing the existence of judicial power to order submission of separable issues to court or jury in a manner and order specified by the trial judge in accordance with GCR 1963, 505.2, as we have done by our decision in *Peasley, supra,* we advise both bench and bar that such power should be exercised only upon the most persuasive showing that the convenience of all parties and of the court require such drastic action or that prejudice to a party cannot otherwise be avoided than by such order of separation. There was no such showing here.

---

* CL 1948, § 242.8 (Stat Ann 1958 Rev § 9.598):

"In the event damages are sustained by any person, either by bodily injuries or to his property, because of the defective condition of any highway, street, bridge, sidewalk, crosswalk or culvert in any city or incorporated village of this State where written notice of such inquiry [injury] and defect is now required by law to be served upon such village or city before recovery can be had, it will be necessary to show that such person did serve written notice upon said city or village within 60 days from the time of the happening of such injury. * * * All actions in court under this act must be brought within 2 years from the time said injury was sustained."

Writ of mandamus ordering vacation of the challenged order of July 25, 1962, may issue. No costs.

KAVANAGH, C. J., and SMITH, J., concurred with SOURIS, J.

BLACK, J., concurred in result.

O'HARA, J. (*dissenting*). I write only to the point made by Mr. Justice SOURIS that:

"While recognizing the existence of judicial power [I would say 'discretion'] to order submission of separable issues to court or jury  *  *  *  we advise both bench and bar that such power [*i.e.* 'discretion'] should be exercised only upon the most persuasive showing that the convenience of all parties and of the court require such drastic action."

First, I do not consider the action "drastic." It is a mere procedural determination by a trial judge pursuant to an express rule.

Neither do I regard it proper to require of a trial judge "a most persuasive showing" of the reason for his exercise of his judicial discretion. The practical effect of this mandate would be to vitiate the rule. This is better accomplished by its orderly amendment, or repeal.

The writ should be denied.

DETHMERS and KELLY, JJ., concurred with O'HARA, J.

ADAMS, J., took no part in the decision of this case.