FABBRINI FAMILY FOODS, INC v UNITED CANNING
CORPORATION

Docket Nos. 77-2766, 77-2767, 77-2768. Submitted December 7, 1978,
at Detroit.—Decided April 18, 1979.

United Canning Corporation, a food processor, discovered the
presence of botulism in some cans of mushrooms in its inven-
tory. A distributor, Tolona Pizza Products Corporation, notified
its customers of the botulism, including Fabbrini Family Foods,
Inc., a pizza manufacturer. Fabbrini recalled its pizzas which
contained mushrooms and buried them. Fabbrini then brought
an action against United Canning and Tolona for damages for
negligence and breach of warranty. United Canning and Tolona
brought a third-party action for indemnification against Sol-
bern Corp., the manufacturer of a mechanical filler used by
United Canning to fill the cans with mushrooms. Solbern was
later added as a primary defendant in the Fabbrini action. The
Wayne Circuit Court, Roman S. Gribbs, J., entered judgment on
a jury verdict in favor of Fabbrini against all three defendants
and in favor of Tolona on its third-party claim against Solbern,
but found no cause of action on United Canning's third-party
claim against Solbern. United Canning, Tolona and Solbern
each appeal. *Held:*

　　1. The trial court did not err in instructing the jury that lost

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 640, 850.
　22 Am Jur 2d, Damages § 296.
[2] 63 Am Jur 2d, Products Liability §§ 3, 225.
[3] 63 Am Jur 2d, Products Liability §§ 15-24.
[4] 41 Am Jur 2d, Indemnity § 2.
[5] 63 Am Jur 2d, Products Liability §§ 26, 27, 79.
[6] 75 Am Jur 2d, Trial §§ 11, 12.
　Right of plaintiff suing jointly with others to separate trial or order
　of severance. 99 ALR2d 670.
[7] 5 Am Jur 2d, Appeal and Error § 700.
[8] 75 Am Jur 2d, Trial § 146.
[9] 75 Am Jur 2d, Trial §§ 463, 482 *et seq.*
[10] 63 Am Jur 2d, Products Liability §§ 42 *et seq.,* 53.
　Manufacturer's or seller's duty to give warning regarding product
　as affecting his liability for product-caused injury. 76 ALR2d 9.
[11] 63 Am Jur 2d, Products Liability §§ 26, 71.

profits could be awarded on a breach of warranty claim, and the jury's award of damages based in part on lost profits was proper because there was evidence presented to show damages, including loss of profits.

2. Sufficient evidence was presented to submit to the jury the questions of whether there was any "defect" in the mushrooms supplied to Fabbrini and whether there was any causal connection between the recall and the damages suffered.

3. There was evidence presented from which the jury could find negligence on the part of United Canning, thereby justifying the denial of indemnification to United Canning.

4. The trial court's severance of United Canning's third-party action against Solbern for damages arising from injuries to customers other than Fabbrini was not an abuse of discretion.

5. The verdicts were not so inconsistent as to require a reversal.

6. The trial court did not abuse its discretion in allowing Fabbrini to reopen its case, after United Canning and Tolona had presented their defenses, for the purpose of adopting their testimony in order to avoid a directed verdict in favor of Solbern.

7. Solbern's motion for a directed verdict at the end of all the proofs was properly denied where there was some evidence presented that Solbern had a duty to warn users of its fillers of a latent risk.

Affirmed.

1. DAMAGES — LOSS OF PROFITS — SUFFICIENCY OF PROOF — QUESTION OF FACT.

The issue of lost profits is one of sufficiency of proof, and the Court of Appeals will not interfere with the judgment of a jury given that some evidence of damages, including lost profits, was presented.

2. DAMAGES — BREACH OF WARRANTY — LOSS OF PROFITS.

Loss of profits is a proper item of damages which may be awarded on a breach of warranty claim.

3. PRODUCTS LIABILITY — DEFECTS — PROXIMATE CAUSE — DAMAGES — QUESTION OF FACT.

The questions of whether a plaintiff pizza manufacturer had shown a "defect" in mushrooms supplied by a defendant canning company, and whether there was any causal connection between the plaintiff's recall of its pizzas and its alleged dam-

ages suffered were questions for the jury where there were facts in evidence which might support a jury verdict in favor of the plaintiff.

4. INDEMNITY — FREEDOM FROM FAULT.

One who seeks indemnification must be free from personal fault.

5. PRODUCTS LIABILITY — STANDARD OF CARE — CUSTOMARY USAGE — REASONABLY PRUDENT CONDUCT.

The standard of care in a products liability case is that of reasonably prudent conduct; the customary usage and practice of the industry is relevant evidence to be used in determining whether or not this standard has been met, but such usage cannot be determinative of the standard.

6. TRIAL — SEVERANCE — JUDGE'S DISCRETION.

The granting or denial of separate trials rests in the sound discretion of the trial court; however, the power of severance should be exercised sparingly.

7. APPEAL AND ERROR — ARGUMENTS OF PARTIES — SEARCH FOR AUTHORITY.

The Court of Appeals is not required to search for authority to support the argument of a party where that party has cited no Michigan law in support of its argument.

8. TRIAL — ORDER OF PROOFS — JUDGE'S DISCRETION.

The order of admitting proofs in a trial, and the reopening of proofs upon motion of a party, are matters which rest in the sound discretion of the trial court (GCR 1963, 507.2, 509.3).

9. APPEAL AND ERROR — PRODUCTS LIABILITY — DIRECTED VERDICT — PRIMA FACIE CASE.

The standard of appellate review to be used in considering the granting of a directed verdict for a defendant in a products liability case is whether, taking the evidence in a light favorable to the plaintiff, a prima facie case of liability is established; if so, a motion for a directed verdict should be denied.

10. PRODUCTS LIABILITY — MANUFACTURERS — DUTY — WARNINGS — QUESTION OF FACT.

Manufacturers have a duty to provide adequate warning to potential users of their products of the latent risks of injury created by their selection of product design; the adequacy of such a warning is a question for the trier of fact.

11. PRODUCTS LIABILITY — MANUFACTURERS — DUTY — UNREASONA-
   BLE RISK — FORESEEABLE INJURY.

   A manufacturer has a duty to design and manufacture a product
   to eliminate unreasonable risks of foreseeable injury; a defect
   can be shown if the product is not reasonably fit for its
   intended, anticipated, or reasonably foreseeable use.

*Charfoos & Charfoos, P.C.* (by *J. Douglas Peters*),
for plaintiff.

*Riley & Roumell* (by *Thomas M. J. Hathaway,
Robert J. Colombo, Jr.* and *Jane K. Souris*), for
United Canning Corporation.

*Franklin, Petrulis & Lichty, P.C.,* for Tolona
Pizza Products Corporation.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy,
P.C.,* for Solbern Corporation.

Before: BEASLEY, P.J., and BRONSON and N. J.
KAUFMAN, JJ.

PER CURIAM. On March 2, 1973, plaintiff Fab-
brini Family Foods brought suit against defen-
dants United Canning Corporation and Tolona
Pizza Products Corporation. Fabbrini asserted neg-
ligence and breach of warranties stemming from a
mushroom pizza recall in February, 1973. United
Canning and Tolona then filed a third-party com-
plaint against Solbern Corporation. Solbern was
added as a primary defendant on April 8, 1974. On
May 2, 1974, Fabbrini filed an amended complaint
stating its intention to adopt the proofs of the
other parties with respect to Solbern.

A jury trial was held November 17-December 10,
1976. The evidence showed that in January, 1973,
United Canning noticed an abnormal number of
swelled cans in its inventory. The problem was
investigated by technical services representatives,

and on February 16, 1973, botulism was confirmed in certain No. 10 cans of mushrooms[1] processed by United Canning in January, 1973. United Canning then notified the United States Food & Drug Administration of this finding. The FDA in turn contacted Tolona Pizza Products Corp. in Chicago.

Tolona began calling all of its customers. On February 19, 1973, Tolona reached plaintiff Fabbrini Family Foods. In response to Tolona's call, Fabbrini stopped shipments of pizzas with mushrooms, picked up pizzas already shipped, and eventually buried the recalled pizzas. The total number of pizzas buried was 29,188.

Further evidence was presented showing that third-party defendant Solbern Corp. had manufactured the mechanical filler used by United Canning to fill its No. 10 cans with mushrooms. The Solbern filler packed mushrooms more tightly into the cans than the previous hand filling process used by United Canning. A longer cooking time would then have been required (but was not used by United Canning) to destroy the *Clostridium botulinum* spores.

The jury returned a verdict of $211,000 in Fabbrini's favor against all three defendants. The jury found for Tolona on its third-party claim against Solbern, but found no cause of action on United Canning's complaint against Solbern. Following denials of their motions for judgment notwithstanding the verdict and for a new trial, United Canning, Tolona, and Solbern now appeal as of right.

### Claims of United Canning and Tolona[2]

The major issues raised on appeal by United

---

[1] No. 10 cans are large cans used primarly by restaurants, food companies, and other institutional users.

[2] Since Tolona has adopted the arguments of United Canning on appeal, our discussion will be phrased in terms of issues raised by United Canning, but will in many instances apply also to Tolona.

Canning relate to the sufficiency of evidence of Fabbrini's damages, the jury's rejection of United Canning's indemnification claim against Solbern, and the trial court's severence of claims by United Canning against Solbern for damages relating to United Canning customers other than Fabbrini.

First, as to damages, United Canning argues that Fabbrini failed to show any loss of profits from the voluntary recall, and that in fact Fabbrini's business picked up thereafter.

The issue of lost profits is one of "sufficiency of proof". *Fera v Village Plaza, Inc,* 396 Mich 639, 643; 242 NW2d 372 (1976). In the instant case, Mario Fabbrini testified that 80-85% of the pizzas sold before the recall contained mushrooms. After the recall this dropped to 10%. The percentage of gross profit also dropped from 32.89% in 1972 to 19.4% for the last seven months of 1975. According to Fabbrini witnesses, this was because other higher cost items had to be substituted for mushroom pizzas in Fabbrini's product mix, and the cost of pizzas had to be lowered in order to make them sell. In addition, Fabbrini's accountant testified that the corporation's share of the market dropped from 85% to 55% as a result of the recall. In his opinion, the total amount of lost profits was $345,384. Finally, two Fabbrini customers gave testimony that they were unable to retail Fabbrini mushroom pizzas after the botulism scare.

Unlike the situation in *Fera, supra,* defendants in the instant case offered no witnesses to refute the testimony of plaintiff's witnesses. Defendants had the opportunity to and did cross-examine plaintiff's witnesses extensively. The trial court instructed the jury that damages could not be awarded on the basis of guess, speculation, or

conjecture. It was for the jury to weigh the evidence and determine the credibility of the witnesses. This Court will not interfere with their judgment on appeal, given that some evidence of damages, including lost profits, was presented. *Fera, supra, The Vogue v Shopping Centers, Inc (After Remand),* 402 Mich 546, 551-552; 266 NW2d 148 (1978).

We also find no error in the court's instructions that lost profits could be awarded on a breach of warranty claim. *Fera, supra, Uganski v Little Giant Crane & Shovel, Inc,* 35 Mich App 88, 110; 192 NW2d 580 (1971).

Another claim of United Canning is that Fabbrini failed to show any "defect" in the mushrooms supplied, or any causal connection between the "voluntary" mushroom recall and the damages suffered. These contentions are without merit. There was evidence that Fabbrini had recalled cans of mushrooms from a code series believed at the time of the recall to contain botulism, rendering them defective for resale to the public. It was not until February 21, 1973, that it was determined that the mice fed Fabbrini pizzas died from peritonitis and not botulism; meanwhile, had Fabbrini not recalled the pizzas, a serious public health hazard could have existed if botulism had been present. The state veterinarian testified that Fabbrini really had no other reasonable choice than to recall the pizzas. In addition, before Fabbrini's decision was implemented, FDA representatives threatened to inform Fabbrini's customers to put the pizzas aside for Fabbrini to pick them up, and radio stations were advising the public that Fabbrini's Alpena company was involved in a botulism recall. With these facts on the record, the questions of cause in fact and proximate cause were for the jury.

United Canning's second major argument relates to indemnification. It is in effect a claim that there was insufficient evidence of negligence on the part of United Canning.

One who seeks indemnification must be free from personal fault. *Minster Machine Co v Diamond Stamping Co,* 72 Mich App 58, 62; 248 NW2d 676 (1976). In the case at bar, clearly United Canning had a duty to can mushrooms that were free from botulism. There was testimony that while United Canning filled its No. 10 mushroom cans with water from the top, other companies using the Solbern filler had a pipe going down to the bottoms of the cans, which mixed the water with the brine. In addition, the senior microbiologist from the American Can Company stated that United Canning did not always invert the cans before putting them in the retort. Witness Vecchione from United Canning testified that he had made no inquiry of other users of the Solbern filler to see how they put the water into the cans, and had made no request for new heat penetration tests from the American Can Co. or the National Canners Association. Vecchione was well aware of the properties of mushrooms; in fact, he could see the settling and packing down of mushrooms in No. 10 cans filled by the Solbern filler.

The above was certainly some evidence from which the jury could find negligence on the part of United Canning. The fact that United Canning relied upon National Canners Association 1966 heat penetration tests in fixing its cooking times and temperatures is not determinative. As stated in *Moning v Alfono,* 400 Mich 425, 457; 254 NW2d 759 (1977):

" 'The customary usage and practice of the industry

is relevant evidence to be used in determining whether or not this standard [of reasonably prudent conduct] has been met. Such usage cannot, however, be determinative of the standard. As stated by Justice Holmes:

" ' "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." *Texas & P R Co v Behymer,* 189 US 468, 470; 23 S Ct 622; 47 L Ed 905 (1903).' *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 369-370; 189 NW2d 208 (1971)."

The third main issue raised by United Canning relates to the trial court's severance from the major case involving Fabbrini that part of United Canning's third-party complaint for damages arising from injuries to United Canning's other customers. GCR 1963, 505.2 provides:

"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

The granting or denial of separate trials rests in the sound discretion of the trial court, *Vormelker v Oleksinski,* 32 Mich App 498, 501; 189 NW2d 135 (1971), *lv den* 385 Mich 771 (1971), however, the power of severance should be exercised sparingly. *Osgerby v Tuscola Circuit Judge,* 373 Mich 237, 241; 128 NW2d 351 (1964). In the instant case, the trial court originally agreed with Solbern that trying all damage claims together would be too complex and would confuse the jury. Eleven days into the trial, the court reconsidered its ruling, noting that the attorneys' presentations had been

extremely clear and understandable. After further arguments, however, the court concluded that the original decision to sever remained reasonable and in the interests of justice.

We find no abuse of discretion. The case was quite long and the issues complex. In addition, Fabbrini objected to trying all damage claims together. The trial court's instructions did not preclude the jury from finding *any* damage to United Canning; the court explained clearly that if damages were awarded to Fabbrini against Tolona and/or United Canning, that would constitute damages to the indemnitees on the Solbern claim. There was no error.

In related issues United Canning argues that the jury verdicts were reversibly inconsistent and that the court gave erroneous instructions. We disagree. The jury verdicts can be explained as follows: 1) on Fabbrini's claims the jury found negligence and possibly also breach of warranty as to United Canning, but breach of warranty only as to Solbern and Tolona, 2) on United Canning's and Tolona's third-party complaint, the jury indemnified Tolona because it found no negligence, but refused to indemnify United Canning because United Canning was found negligent.

We also find no error in the trial court's instruction that Solbern had no duty to warn United Canning of the operating characteristics of the Solbern filler if United Canning knew *or should have known* of such characteristics. United Canning has cited no Michigan law supporting its argument that this instruction was erroneous, and this Court is not required to search for such authority. See *Megge v Lumbermens Mutual Casualty Co,* 45 Mich App 119, 121; 206 NW2d 245 (1973).

## Claims of Solbern

Solbern's main arguments on appeal concern the trial court's denial of Solbern's motions for directed verdict.

In an amended complaint filed May 2, 1974, Fabbrini stated that it would "rely on and adopt the proofs of the other parties" as to Solbern's liability. In opening argument, counsel for Fabbrini told the jury that Fabbrini knew nothing about the third-party complaint against Solbern. However, counsel continued, if United Canning proved Solbern's responsibility, Solbern would be liable for whatever damages were assessed in Fabbrini's favor. No objections were made to these remarks or to the amended complaint.

Fabbrini then presented its case. At the close of Fabbrini's proofs, Solbern moved for a directed verdict on the ground that no evidence of Solbern's liability had been introduced. The trial court agreed, but took the motion under advisement and stated an intention to grant the motion unless some evidence against Solbern developed during the course of the trial.

United Canning and Tolona then presented their proofs and Solbern its defense. After all parties rested, Fabbrini moved to reopen its case and adopt the testimony of United Canning and Tolona against Solbern. The court granted this motion. The court stated that the matter was a discretionary one pursuant to GCR 1963, 509.3, and that there would be no prejudice to Solbern.

GCR 1963, 509.3 provides:

"When certain of the issues are to be tried by jury and others by the court, or where a number of claims, cross-claims, defenses, counterclaims, or third-party claims involve a common issue, the court shall deter-

mine the sequence in which such issues are to be tried, preserving at all times the constitutional right to trial by jury according to the basic nature of every issue to which a demand for jury as provided by Rule 508 has been served and filed."

We are not certain of the applicability of the above rule to the case at bar. Rule 509.3 seems to be designed mainly to deal with problems of legal versus equitable issues present in the same case. See Authors' Comments, 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 445-446.

Nevertheless, the trial court's ruling may be sustained on the basis of GCR 1963, 507.2, which provides that *"[u]nless otherwise ordered by the court,* the plaintiff shall first present the evidence in support of his case" (emphasis added). The court's ruling also finds support in the case law. The order of admitting proofs is a matter which rests within the sound discretion of the trial court. *Coburn v Goldberg,* 326 Mich 280, 285; 40 NW2d 150 (1949). The reopening of proofs upon motion of the plaintiff is also discretionary. *Helmer v Dearborn National Ins Co,* 319 Mich 696, 698-699; 30 NW2d 399 (1948), *Rucker v Wyandotte Savings Bank,* 6 Mich App 195; 148 NW2d 532 (1967). We find no abuse of discretion here, especially since Fabbrini's amended complaint and opening statement must have alerted Solbern to the likelihood of a change in the order of proofs.

Next, Solbern assigns as error the court's denial of its motion for directed verdict at the close of all proofs. Solbern argues that there was no evidence of a defect in the mechanical filler—it worked properly and did exactly what it was supposed to do. In addition, Solbern claims that, as a matter of law, it had no duty to warn United Canning of the

operating characteristics of the filler, as these characteristics were or should have been obvious to United Canning.

We note initially the standard to be applied in reviewing the denial of a directed verdict:

"The standard of appellate review in measuring the granting of directed verdicts for defendants in product liability cases is whether, taking the evidence in a light favorable to plaintiff, a prima facie case of liability is established. If so, a motion for directed verdict should be denied. Only when all reasonable men would agree to facts which preclude liability, should a directed verdict be granted for defendant." (Footnote omitted.) *Blanchard v Monical Machinery Co,* 84 Mich App 279, 282; 269 NW2d 564 (1978).

It is clear that manufacturers have a duty to "provide adequate warnings to potential users of their products of the latent risks of injury created by their selection of product design". *Owens v Allis-Chalmers Corp,* 83 Mich App 74, 81; 268 NW2d 291 (1978). The adequacy of a warning is a question for the trier of fact. *Owens, supra.* The manufacturer's duty also extends to designing and manufacturing a product to eliminate unreasonable risks of foreseeable injury. A "defect" can be shown if the product is not reasonably fit for its intended, anticipated, or reasonably foreseeable use. *Elsasser v American Motors Corp,* 81 Mich App 379, 384; 265 NW2d 339 (1978).

The design of the Solbern filler was apparently such that use of it to pack mushrooms without modification of other canning processes created a latent risk of injury. There was evidence that the vibrating action of the filler caused mushrooms to mat and pack down. Witness Eisenberg of Solbern testified that when he first heard of the botulism

problem, his immediate response was to ask how the water was put into the cans and mixed with the brine. If, through Eisenberg, Solbern had enough knowledge of the canning process of United Canning to instantly perceive how other processes on the line interacted with the filler, we think that a question of fact was present regarding Solbern's duty to warn a user that such interaction would affect the end product. Thus, the trial court did not err in refusing to take the issue of Solbern's liability from the jury.

We have considered the other issues raised by the parties and have found them to be without merit. Having found no reversible error, we affirm the judgment of the trial court.

Affirmed.