SCOTT v STACEY'S MOVING LTD

Docket No. 43327. Submitted December 12, 1979, at Lansing.—Decided January 23, 1980. Leave to appeal applied for.

Plaintiff, Wayne Scott, filed an action against defendant Stacey's Moving, Ltd., and others in the Washtenaw Circuit Court for damages for injuries sustained in a highway traffic accident. The court, Ross W. Campbell, J., ordered the trial bifurcated and the issues of liability and damages tried separately. Plaintiff appeals by leave granted. *Held:*

The discretionary authority of a trial judge to separate the issues of negligence and liability for trial is strictly limited where the issues constitute a single claim. The issues must be clearly separate, and, even if theoretically separable, they might become practically interdependent when the same witnesses must be relied upon for proof of both issues. The possible prejudice of damages on the issue of liability may properly be remedied by the exclusion of certain evidence or a limiting instruction pursuant to the Michigan Rules of Evidence.

Reversed and remanded.

TRIAL — SEPARATION OF ISSUES — NEGLIGENCE — LIABILITY.

The discretionary authority of a trial judge to separate the issues of negligence and liability for trial is strictly limited where the issues constitute a single claim; the issues must be clearly separable, and, even if theoretically separable, they might become practically interdependent when the same witnesses must be relied upon for proof of both issues.

*Brimacombe & Schlecte, P.C.* (by *Kurt R. Thornbladh*), for plaintiff.

*Ellis, Talcott & Ohlgren, P.C.* (by *Ralph C. Keyes*), for defendants.

REFERENCES FOR POINTS IN HEADNOTE

75 Am Jur 2d, Trial § 12.

Separate trial of issues of liability and damages in tort. 85 ALR2d 9.

Before: T. M. Burns, P.J., and J. H. Gillis and Bashara, JJ.

Per Curiam. Plaintiff appeals by leave granted from an interlocutory order to separate the trial of the issues of liability and damages.

In this automobile negligence action the trial judge ordered that the issues of liability and damages were to be tried separately. Plaintiff claims that this order was an abuse of the trial court's discretionary authority under GCR 1963, 505.2. We agree.

In *Peasley v Lapeer Circuit Judge,* 373 Mich 222; 128 NW2d 515 (1964), the Michigan Supreme Court held that discretion to separate issues that constituted a single claim was to be strictly limited. The issues must be clearly separable, and, even if theoretically separable, they might become practically interdependent when the same witnesses must be relied upon for proof of both issues.

In the instant case, the trial judge stated that the reasons for separation centered on the prejudicial effect of the extent of damages and the recovery of a workmen's compensation award, which would cause the jury to question why the plaintiff was not suing his employer or the driver of the plaintiff's vehicle. We find that these reasons do not meet the very strong showing of prejudice as required by *Peasley,* particularly when the plaintiff stated that a number of the same witnesses would testify on liability and damages.

In every negligence trial the injured party is required to prove damages as an element of a prima facie case. At the hearing on the motion the defendants failed to distinguish this case from any other negligence action. If the defendants fear the possible prejudicial effect of damages on the issue

of liability, the proper remedy would involve an objection under MRE 403, or the request for a limiting instruction under MRE 105.

Likewise, plaintiff's recovery of a workmen's compensation award does not amount to a showing of substantial prejudice. The fact that the jury may question why the plaintiff was not suing his employer or the driver of the plaintiff's vehicle could result in prejudice to the plaintiff as well as the defendant. The jury may very well decide that the missing defendants were liable and find no liability on the part of the named defendants.

Despite defendants' argument to the contrary, the complete change in judicial personnel on the Supreme Court since the 1964 *Peasley* decision does not diminish its authority as the proper interpretation of the current law in Michigan. The promulgation of the new MRE 403 does not alter the trial court's authority to order separation of issues under GCR 1963, 505.2.

The decision of the lower court is vacated and the case is remanded to the circuit court.