DETLOFF v THE TAUBMAN COMPANY, INC

Docket No. 53375. Submitted December 10, 1981, at Detroit.—Decided January 6, 1982.

Ursula Blanche was a passenger in an automobile driven by Paul Detloff when it was struck by a vehicle driven by John W. Hickey. Blanche and Detloff brought separate actions in the Oakland Circuit Court against The Taubman Company, Inc., Sterling Garrett Construction Co., Inc., and Stage-Coach, Inc., alleging that defendants were responsible for causing the road on which plaintiffs were driving to be covered with mud and dirt and that the condition of the road was a proximate cause of the collision and plaintiffs' resultant injuries. The cases were consolidated for trial and the court, Ferrell E. Roberts, J., ordered separate trials on the issues of liability and damages in furtherance of convenience to the parties and to avoid prejudice. Plaintiffs appealed by leave granted. *Held:*

The grant or denial of separate trials rests in the sound discretion of the trial court. However, this power should be exercised only upon the most persuasive showing that the convenience of all the parties and the court require such drastic action or that prejudice to a party cannot otherwise be avoided. The convenience involved in this case was not sufficient to justify the separation. Nor did the possible prejudicial effect of the extent of damages meet the very strong showing of prejudice required to uphold an order of separation.

Reversed and remanded.

CYNAR, J., dissented. He believed the trial court's exercise of discretion was within the provisions of the court rule governing bifurcated trials and would affirm.

TRIAL — SEVERANCE.

The grant or denial of separate trials on issues rests in the sound discretion of the trial court; however, this power should be exercised only upon the most persuasive showing that the

REFERENCES FOR POINTS IN HEADNOTE

[1] 75 Am Jur 2d, Trial § 11 *et seq.*

Appealability of state court order granting or denying consolidation, severance, or separate trials. 77 ALR3d 1082.

convenience of all the parties and the court require such
drastic action or that prejudice to a party cannot otherwise be
avoided.

*Zeff & Zeff (by Arthur M. Fitzgerald), and Kenneth A. Webb, of counsel, for plaintiffs.*

*Lakin, Worsham & Victor, P.C., for Sterling Garrett Construction Company.*

Before: D. C. RILEY, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Plaintiffs-appellants appeal pursuant to this Court's grant of their delayed application for leave to appeal. The trial court entered an order on January 27, 1980, for separate trials on the issues of liability and damage. The plaintiffs-appellants appeal from this order. The sole issue presented is whether the trial court abused its discretion in ordering that the issues be tried separately.

The lawsuit arises out of a May, 1975, automobile accident. Plaintiff Paul Detloff's automobile collided head-on with one operated by John Hickey. It is alleged that the Hickey vehicle crossed the center line and struck Detloff's vehicle. Plaintiffs allege that the street surface on which Paul Detloff was travelling was covered with mud and dirt and that this condition impeded Detloff's attempt to slow his own vehicle and take evasive action to avoid the collision. Defendants The Taubman Company, Inc., Sterling Garrett Construction Co., Inc., and Stage-Coach, Inc., are allegedly responsible for the mud and dirt on the road surface.

The trial court stated its reason for ordering separation as follows:

"* * * the court having determined that the plaintiffs

face serious issues of liability against the present principal defendants, and that the plaintiffs will have extensive damage testimony,

"The court pursuant to GCR 1963, 505, upon motion of * * * counsel for Sterling Garrett Contracting Company does order that the liability issues of the pending cases shall be tried separately from the damage issues of each of the individual plaintiffs.

"The court therefore does order that *in furtherance of convenience to the parties, and to avoid prejudice* the court does order that at the time a jury is impanelled in the above actions, the issues of liability shall be tried first. If the jury finds against any of the defendants as to liability, then the case shall immediately proceed before the same jury panel as to issues of plaintiffs' damages as against any of the defendants so remaining." (Emphasis added.)

In denying plaintiffs' motion for rehearing, the trial court further stated the reasons for ordering separation as follows:

"Plaintiffs' counsel has indicated that he would present a considerable amount of 'damage' testimony. Therefore, in furtherance of the convenience of the parties, and to avoid the unnecessary expense of the defendant's or several of them having to partake of damage defense, this court did rule that the liability aspects of the case would be tried first. This court has not been presented with any reason to change its prior order."

GCR 1963, 505.2, provides for separate trials to avoid prejudice and in furtherance of the convenience to the parties. The exercise of this power to separate trials rests within the trial court's sound discretion. *Fabbrini Family Foods, Inc v United Canning Corp*, 90 Mich App 80, 88; 280 NW2d 877 (1979). However, this power should be exercised only upon the most persuasive showing that the

convenience of all the parties and the court require such drastic action or that prejudice to a party cannot otherwise be avoided. See *Osgerby v Tuscola Circuit Judge,* 373 Mich 237, 241; 128 NW2d 351 (1964).

Under the existing case law, we conclude that the trial court's reason for ordering separation was insufficient. In *Peasley v Lapeer Circuit Judge,* 373 Mich 222; 128 NW2d 515 (1964), the trial court's reason for separation of issues was convenience and the saving of time and effort. The Supreme Court reversed the trial court's order and stated: "The showing of compelling necessity for separation under such circumstances, in the interest of convenience or the avoidance of prejudice, would have to be very strong to justify interference with a party's presentation of proofs in the customary fashion." *Id.,* 227. The convenience involved in this case is not sufficient to justify the separation.

The trial court also stated that the order was to avoid prejudice to the parties. We find this reason was also insufficient to support the trial court's order. As this Court noted in *Scott v Stacey Moving, Ltd,* 95 Mich App 191; 290 NW2d 121 (1980), a plaintiff must prove damages as an element of a prima facie case in every negligence action. Where defendant fears proof of damages will prejudice him on the liability issue, the proper remedy would involve an objection under MRE 403, or a request for a limiting instruction under MRE 105. The possible prejudicial effect of the extent of damages does not meet the very strong showing of prejudice required to uphold an order of separation. *Scott, supra,* 192.

We reason, therefore, that the trial court abused its discretion in ordering the separation of the liability and damages issues in this case.

Reversed and remanded.

Costs to abide the final outcome.

CYNAR, J. *(dissenting)*. I am unable to agree with the majority that the action of the trial judge was drastic or prejudicial. The trial court's exercise of discretion was within the provisions of GCR 1963, 505.2. I would affirm.